961 A.2d 842

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Richard McMULLEN, Appellee.**

**Commonwealth of Pennsylvania, Appellant**

v.

**Richard McMullen, Appellee.**

Supreme Court of Pennsylvania.

Argued March 7, 2007.

Resubmitted Oct. 23, 2008.

Decided Dec. 18, 2008.

438

440

Joan Weiner, Esq., Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania (43 EAP 2006, 44 EAP 2006).

Karl Baker, Esq., for Richard McMullen (43 EAP 2006, 44 EAP 2006).

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

### *OPINION*

Justice EAKIN.

Appellee pled guilty to stalking, terroristic threats, harassment by communication, and harassment. Although sentenced to 11 and one-half to 23 months incarceration, appellee was granted immediate parole to passive house arrest, followed by two years reporting probation. The trial court also ordered appellee not to contact the victim and to stay away from her.

Appellee left the jurisdiction without permission, did not follow through on his treatment programs, and began calling the victim from Florida—in one such call he threatened to kill her "by the end of the year." Appellee was arrested in Florida and extradited to Pennsylvania. After a probation violation hearing at which the charges were not disputed, the trial court revoked his probation and re-sentenced him to two

and one-half to five years imprisonment for stalking, a concurrent two and one-half to five years for terroristic threats, a consecutive six to 12 months for harassment by communication, and no penalty for harassment. The trial court also found appellee guilty of six counts of criminal contempt. For each contempt conviction, appellee was sentenced to a consecutive prison term of two months and 28 days to five months and 29 days. Appellee appealed, claiming the six consecutive terms for contempt exceeded the statutory maximum for indirect criminal contempt and he was denied his right to a jury trial.

The Superior Court vacated the trial court's contempt order and remanded for further proceedings. *Commonwealth v. McMullen,* 881 A.2d 841, 853 (Pa.Super.2005). The court determined the trial court was authorized to impose a fine, imprisonment, or both for appellee's contemptuous conduct, but observed the court order that appellee disobeyed did not specify the term of imprisonment for violating the order. *Id.,* at 849. The court found the applicable term of imprisonment was set forth in 42 Pa.C.S. § 4136(b), which provides "punishment for a[n] [indirect criminal contempt] specified in subsection (a) may be by fine not exceeding $100 or by imprisonment not exceeding 15 days...." [1] Consequently, that 15–day limitation rendered illegal each two-month, 28–day to five-month, 29–day sentence. *McMullen,* at 849 (citation omitted).

1.  Section 4136 provides, in part:
    **(a) General rule.**—A person charged with indirect criminal contempt for violation of a restraining order or injunction issued by a court shall enjoy:
    (3)(i) Upon demand, the right to a speedy and public trial by an impartial jury of the judicial district wherein the contempt is alleged to have been committed.
    **(b) Punishment.**—Except as otherwise provided in this title or by statute hereafter enacted, punishment for a contempt specified in subsection (a) may be by fine not exceeding $100 or by imprisonment not exceeding 15 days in the jail of the county where the court is sitting, or both, in the discretion of the court. Where a person is committed to jail for the nonpayment of such a fine, he shall be discharged at the expiration of 15 days, but where he is also committed for a definite time, the 15 days shall be computed from the expiration of the definite time.
    42   Pa.C.S. § 4136(a)(3)(i), (b).

Further, the court determined under § 4136(a) appellee was entitled to an explanation of the nature of the proceedings, as well as to demand a jury trial. *Id.,* at 850. Based on its review of the hearing transcript, the court found no indication appellee "was advised in advance of or during the hearing that the five unlawful phone communications with the victim and [his] fleeing the jurisdiction were being treated as potential indirect criminal contempt violations," or notified of the concomitant right to a jury trial. *Id.* Thus, the court instructed on remand appellee be given the option to elect a jury trial for the contempt violations. *Id.,* at 851.

We granted allowance of appeal to resolve the issue, as the Commonwealth framed it:

Did the [l]egislature unconstitutionally usurp this Court's authority when it enacted a statute that grants a jury trial in all indirect criminal contempt cases involving the violation of a restraining order or injunction, and limits any sentence of imprisonment to [15] days?

Petition for Allowance of Appeal, at 2.

As this is a purely legal question, our standard of review is *de novo,* and our scope of review is plenary. *In re Milton Hershey School,* 590 Pa. 35, 911 A.2d 1258, 1261 (2006) (citation omitted). A statute will only be found unconstitutional if it "clearly, palpably and plainly" violates the Constitution. *Commonwealth v. MacPherson,* 561 Pa. 571, 752 A.2d 384, 388 (2000) (citations omitted). There is a strong presumption legislative enactments are constitutional. *Id.; see also* 1 Pa.C.S. § 1922(3) (presumption legislature did not intend to violate federal and state constitutions when enacting legislation). The party seeking to have a statute held unconstitutional carries a heavy burden of persuasion. *MacPherson,* at 388.

The Commonwealth contends the legislature unconstitutionally impinged upon this Court's authority when it enacted § 4136 to provide the right to a jury trial in all indirect criminal contempt proceedings involving a restraining order or injunction, while limiting the sentence for such conviction to 15

days.[2]  The Commonwealth argues the right to a jury trial is a procedural right and any enlargement or restriction of it lies within this Court's exclusive power.  Further, the Commonwealth argues a jury trial is warranted only in "serious" cases—those where the authorized sentence of imprisonment exceeds six months.  Therefore, by creating a right to a jury trial for indirect criminal contempt, while limiting the penalty to 15 days, the Commonwealth argues the legislature eviscerated this Court's determination of when a jury trial is warranted and has violated the doctrine of separation of powers.

Appellee argues the Pennsylvania Constitution only prevents the enactment of a statute inconsistent with this Court's rules, and such is not the case here because this Court has not issued any rule depriving a person charged with criminal contempt of the right to a jury trial.  Further, appellee argues this Court promulgated several Rules of Criminal Procedure, including Pa.R.Crim.P. 140–42, intended to implement a "series of statutes," and § 4136 is among that series.  Appellee's Brief, at 7. Appellee next argues the legislature can expand the constitutional right to a jury trial above its constitutional floor.  Appellee also argues the punishment in § 4136(b) is a substantive enactment; thus, it does not implicate this Court's rule-making powers.  Appellee ultimately argues § 4136 is part of a statutory scheme that provides a reasonable means for imposing punishments and providing due process protections.

The right to a jury trial under the Sixth Amendment to the United States Constitution and Article I, §§ 6, 9 of the Pennsylvania Constitution applies when a criminal defendant faces a sentence of imprisonment exceeding six months.  *Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86, 89 (1974);

2.  Contrary to appellee's argument the Commonwealth waived its constitutional challenge by failing to present it to the Superior Court, the Commonwealth is not subject to waiver because it was the appellee in that court.  *See generally Commonwealth v. Katze*, 540 Pa. 416, 658 A.2d 345, 349 (1995) (opinion divided on other grounds) ("There is a general rule that issues not raised in the lower court may not be addressed on appeal; however, this rule is applicable only to appellants."); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899, 901–02 (1955).

*see also Lewis v. United States,* 518 U.S. 322, 327–28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). Charging a defendant with two counts of a petty offense, where each count has a maximum term of imprisonment of six months or less, and therefore carries an aggregate potential prison term greater than six months, does not transform the multiple petty offenses into one serious offense where the jury trial right would apply. *Id.,* at 327–28, 116 S.Ct. 2163. Appellee does not have a constitutional right to a jury trial, because the maximum sentence under § 4136(b) is 15 days imprisonment; aggregation of penalty, potential or real, does not change this basic principle.

This Court retains exclusive rule-making authority to establish rules of procedure. Pa. Const. art. V, § 10(c);[3] *see also Payne v. Commonwealth Department of Corrections,* 582 Pa. 375, 871 A.2d 795, 801 (2005). "Because this Court's rulemaking authority extends only to procedural law, the threshold inquiry in whether a ... statute violates Article V, [§ ] 10(c) is whether the statute is procedural or substantive...." *Id.* (citation omitted). While the legislature cannot enact procedural law, it can enact substantive law. *Id.* As a general rule, substantive law creates, defines, and regulates rights; procedural law addresses the method by which those rights are enforced. *Id.*

This Court has concluded, "[T]he right to trial by jury is not a 'substantive right,' but a right of procedure through which rights conferred by substantive law are enforced." *Commonwealth v. Sorrell,* 500 Pa. 355, 456 A.2d 1326, 1329 (1982) (citations omitted). Appellee concedes this point, stat-

3. Article V, § 10(c) provides:

The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, ... if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions. Pa. Const. art. V, § 10(c).

ing, "The Commonwealth correctly suggests that the right to a jury trial is a procedural matter." Appellee's Brief, at 14. *Sorrell* struck down 42 Pa.C.S. § 5104(c) as unconstitutional and suspended it; Section 5104(c) provided, "In criminal cases the Commonwealth shall have the same right to trial by jury as does the accused." *Sorrell*, at 1328.[4]

This Court has issued a few decisions since *Sorrell* indicating the right to a jury trial may be a substantive right. *See Mishoe v. Erie Ins. Co.*, 573 Pa. 267, 824 A.2d 1153, 1156 (2003); *Wertz v. Chapman Twp.*, 559 Pa. 630, 741 A.2d 1272, 1279 n. 6 (1999) ("As to a statutory right to a trial by jury under the [Pennsylvania Human Relations Act], we merely note that it is not this court's role to sit as a super legislature. While ... this court may believe that it would be in the best interest ... to permit a trial by jury, the fact ... remains that the right to a jury trial was not made a part of the PHRA."). Those cases, however, do not overrule or even mention *Sorrell*, nor do they specifically state or hold a jury trial is a substantive right. *Sorrell* has not been overruled. Though *Sorrell* dealt with § 5104(c) and not § 4136, its pronouncement a jury trial is a procedural right was not restricted to § 5104(c), and § 5104(c) was struck down because it gave the legislature the power to enlarge the jury trial right. *Sorrell* unequivocally concluded a jury trial is a procedural right.

Regarding appellee's claim this Court has not promulgated a rule inconsistent with § 4136, we find it is unnecessary for a procedural statute and a rule to be inconsistent in order to strike down a procedural statute as unconstitutional.[5] "As a general proposition, we have struck statutes where they have been inconsistent with our procedural rules."

---

**4.** The Commonwealth now has this right under the Pennsylvania Constitution. *See* Pa. Const. art. I, § 6 ("[I]n criminal cases the Commonwealth shall have the same right to trial by jury as does the accused.").

**5.** Appellee's claim this Court promulgated rules intended to implement a series of statutes, of which § 4136 is a part, is a thoughtful argument, but ultimately unpersuasive. Rules of Criminal Procedure 140–42, related to criminal contempt, specifically mention and attempt to implement 42 Pa.C.S. §§ 4137–39, but such rules do not mention or implement § 4136. *See* Pa.R.Crim.P. 140–42, and Comments and Notes.

*Payne,* at 801. However, Article V, § 10(c) states two princi-
ples relevant here: this Court has the exclusive power to
enact procedural rules, and a law inconsistent with such a rule
is suspended. A procedural statute conflicting with a rule is
suspended under Article V, § 10(c). If, however, the legisla-
ture enacts a procedural statute, that statute is unconstitution-
al. Otherwise, a clearly unconstitutional procedural statute
would be constitutional unless this Court promulgated a rule
inconsistent with it. The legislature enacted § 4136(a)(3)(i), a
procedural statute; thus, § 4136(a)(3)(i) is unconstitutional.

Ultimately, *Sorrell* is binding precedent, and we re-affirm a
right to a jury trial is a procedural right. Consequently, 42
Pa.C.S. § 4136(a)(3)(i) is unconstitutional since it purports to
grant a procedural right to a jury trial in all indirect criminal
contempt cases involving the violation of a restraining order or
injunction. We therefore suspend 42 Pa.C.S. § 4136(a)(3)(i).

We also find § 4136(b), which sets forth the punish-
ments for indirect criminal contempt, unconstitutional. Like
the analysis of § 4136(a)(3)(i), we must determine if § 4136(b)
is procedural or substantive. *See Payne,* at 801. Generally
speaking, as Mr. Justice (later Chief Justice) Roberts recog-
nized, "substantive law declares what acts are crimes and
prescribes the punishment for their commission, while proce-
dural law provides the means by which the substantive law is
enforced." *Commonwealth v. Wharton,* 495 Pa. 581, 435 A.2d
158, 160 (1981) (Opinion in Support of Affirmance). Such a
non-majority opinion, of course, is not binding precedent. *See
Kelley v. State Employees' Retirement Board,* 593 Pa. 487, 932
A.2d 61, 67 (2007) (construing plurality opinion). However,
the legislature's actions generally track Justice Roberts' dis-
tinction, as it has prescribed punishment for many crimes.
*See Commonwealth v. Ward,* 524 Pa. 48, 568 A.2d 1242, 1244
(1990) (burglary and robbery); *Commonwealth v. Bell,* 512 Pa.
334, 516 A.2d 1172, 1179 (1986) (voluntary manslaughter);
*Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354, 362 (1985)
(third degree murder, voluntary manslaughter, rape, involun-
tary deviate sexual intercourse, robbery, aggravated assault
and/or kidnapping); *Commonwealth v. Glover,* 397 Pa. 543,

156 A.2d 114, 116 (1959) (illegally giving away drugs); *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472, 473–74 (1958) (first degree murder and armed robbery).

▮ Contempt of court is unlike other substantive crimes. The Crimes Code abolished common law crimes, 18 Pa.C.S. § 107(b), but also provided in its preliminary provisions that "[t]his section does not affect the power of a court to declare forfeitures or to punish for contempt or to employ any sanction authorized by law for the enforcement of an order...." *Id.*, § 107(c). Further, the United States Supreme Court and this Court have also recognized the principle that courts generally have the authority to punish individuals for acting in contempt. *See Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Commonwealth v. Bowden*, 576 Pa. 151, 838 A.2d 740, 760 (2003) ("Courts possess an inherent power to enforce their orders by way of the power of contempt.").

▮ Moreover, this Court has recognized courts have the power to impose summary punishment for criminal contempt. *Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759, 763 (1980). That is not derived from a statute the legislature created, but "is a right inherent in courts and is incidental to the grant of judicial power under Article 5 of our Constitution." *Id.*

▮ Indirect criminal contempt is a violation of a court order that occurred outside the court's presence. *Commonwealth v. Ashton*, 824 A.2d 1198, 1203 (Pa.Super.2003). To prove indirect criminal contempt, evidence must be sufficient to establish: the court's order was definite, clear, specific, and leaving no doubt in the person to whom it was addressed of the conduct prohibited; the contemnor had notice of the order; the act constituting the violation was volitional; and the contemnor acted with wrongful intent. *Commonwealth v. Baker*, 564 Pa. 192, 766 A.2d 328, 331 (2001).

Here, § 4136(b) restricts a court's authority to punish for indirect criminal contempt as it imposes a maximum fine of $100 and 15 days incarceration. *See* 42 Pa.C.S. § 4136(b).

Initially, we note § 4136(b) is not in the Crimes Code, but under Title 42–Judiciary and Judicial Procedure, Chapter 41–Administration of Justice, Sub–Chapter C.-Contempt of Court. We are thus left with a legislative creation of indirect criminal contempt under § 4136. Since courts have the authority to punish individuals in violation of their orders under the case law described above and § 107(c), the legislature cannot create a form of indirect criminal contempt and restrict a court's ability to punish individuals who commit contempt of court. While the legislature generally may determine the appropriate punishment for criminal conduct, indirect criminal contempt is an offense against the court's inherent authority, not necessarily against the public. Section 4136(b) provides maximum penalties the court may impose; thus, § 4136(b) unconstitutionally restricts the court's ability to punish for contempt.

This does not mean the legislature cannot address the behavior prohibited and punished in § 4136. As indicated, the legislature can prohibit certain behaviors by criminalizing them and setting punishments. However, the legislature cannot legislate indirect criminal "contempt," as it is a violation of a court order, which the court inherently has the authority to punish for its violation.[6]

Order reversed. Case remanded to the Superior Court. Jurisdiction relinquished.

Justice TODD did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, Justice BAER and McCAFFERY and Justice GREENSPAN join the opinion.

Chief Justice CASTILLE files a concurring opinion in which Justice GREENSPAN joins.

Justice GREENSPAN files a concurring opinion in which Justice McCAFFERY joins.

Justice SAYLOR files a concurring and dissenting opinion.

---

**6.** We recognize there is other statutory law concerning contempt in Title 42, *see* 42 Pa.C.S. §§ 4132–39; however, only § 4136 is at issue in this case.

Chief Justice CASTILLE.

I join the Majority Opinion in its entirety. I write separately to (1) address a supervisory issue and (2) elaborate on the separation of powers issue implicated by 42 Pa.C.S. § 4136(b).

The supervisory issue presented in this case is that the Superior Court raised the issue of a statutory right to a jury trial under Section 4136(a)(3)(i) *sua sponte*. For this independent reason, the Commonwealth clearly is entitled to relief on the claim and remand to the Superior Court is appropriate.

In addition to arguing that Section 4136 is unconstitutional, the Commonwealth maintains that the "Superior Court completely ignored that appellee's jury trial claim was waived because he did not raise it in his Rule 1925(b) Statement of Questions Complained of on Appeal." Commonwealth's Brief at 13, n. 4. The Commonwealth also contends that the Superior Court disregarded the elemental fact that appellee did not argue that he was entitled to a jury trial by virtue of Section 4136(a)(3)(i). Instead, appellee claimed that the trial court's aggregate sentence entered upon his convictions for indirect criminal contempt, having exceeded six months, retroactively triggered his right to a trial by jury. The Commonwealth charges that the Superior Court *sua sponte* held that Section 4136(a)(3)(i) gives all persons charged with indirect criminal contempt the right to a jury trial. Having raised this broader issue *sua sponte,* the Commonwealth argues, the Superior Court then held that, because appellee was not offered a jury trial, his case had to be remanded for a new trial on the indirect criminal contempt charges to afford him the statutory option of a jury trial.

In response, appellee agrees that he never raised the claim that he was entitled to a jury trial under Section 4136(a)(3)(i). Appellee explains that his claim regarding his right to a jury trial before both the trial court and the Superior Court was premised upon his belief that the trial court's imposing an aggregate sentence which exceeded six months retroactively triggered a *constitutional* right to a trial by jury. However, appellee disputes the Commonwealth's claim that the Superior

Court granted him relief based upon a violation of his statutory right to a trial by jury under Section 4136(a)(3)(i). To the contrary, appellee contends that the Superior Court, in reviewing his actual jury trial issue, acknowledged that the basis for its remand was his constitutional claim regarding his sentences exceeding the statutory maximum provided in Section 4136(b). Appellee maintains that the Superior Court discussed Section 4136(a)(3)(i) only in the context of two other issues he never raised: (1) whether appellee had been advised of his right to a jury trial and whether he had waived that right below; and (2) what procedure should appellee be entitled to on remand. Appellee characterizes the Superior Court's discussion of his right to a jury trial under Section 4136(a)(3)(i) as *dicta*, yet maintains that the Superior Court's review of these issues was appropriate after the panel determined he had not waived his right to a jury trial, thus justifying the panel's consideration of the proper substantive and procedural rights that he should be afforded on remand. Appellee also notes that it was "the Commonwealth [which] sought allowance of appeal contending that both the maximum sentence set by [Section 4136] for punishment of a charge of indirect criminal contempt for the violation of a restraining order or injunction, and the enhanced due process protection of a 'public trial by an impartial jury' reserved for this context were impermissible infringements upon this Court's judicial power under Article V of the Pennsylvania Constitution." Appellee's Brief at 6.

Whether *dicta* or not, the panel below purported to render a holding in a published opinion concerning Section 4136, that holding was to govern remand, and it aggrieves the Commonwealth. Moreover, it is also apparent that the panel erred in raising the issue *sua sponte*. Appellee's first issue, as presented in his Pa.R.A.P.1925(b) Statement, was the following:

The trial court erred in sentencing [appellee] to five consecutive terms of two [ ] months and twenty-eight [ ] days to five [ ] months and twenty-nine [ ] days for contempt as the aggregate sentence exceeds six [ ] months and where the conduct alleged violated a single stay-away order and com-

prised a single criminal episode in violation of the due process and trial by jury provisions of the [U.S.] and Pennsylvania Constitutions.

Trial Ct. Op., September 24, 2004, at 3. The trial court, apparently adverting to Section 4136, opined that a charge of indirect criminal contempt "triggers the essential procedural safeguards that attend criminal proceedings," including, *inter alia,* "the right, upon demand, to a speedy trial and public trial before a jury." *Id.* at 8. In finding that it "took proper steps to make sure that [appellee] received a fair hearing and that he would not be denied his due process rights," the trial court emphasized that appellee never raised any objections to the contempt charges and never requested or demanded a trial by jury for the contempt charges. *Id.* at 9.

Appellee argued before the Superior Court as follows respecting his claim regarding a right to a jury trial:

The aggregated sentence of nearly one and one half to three years for contempt is illegal because it exceeds six months and [appellee] did not waive his right to trial by jury, in violation of the due process and trial by jury provisions of the [U.S.] and Pennsylvania Constitutions.

Appellee's Super. Ct. Brief at 12. Appellee argued that relief was required because his sentences, when aggregated, exceeded six months, thus retroactively triggering his constitutional right to a trial by jury, and that he never waived his right to jury trial. Appellee concluded that his sentences were thus illegal and should be vacated.

The Commonwealth responded that the claim as presented was multiply waived. The Commonwealth noted that: appellee raised the issue for the first time in his appellate brief, without presenting it to the lower court at sentencing or in a post-sentence motion, without preserving it in his Rule 1925(b) Statement, and without seeking the Superior Court's permission to raise a discretionary sentencing claim in a separate Pa.R.A.P. 2119(f) statement in his appellate brief. The Commonwealth also asserted that appellee's sentences were not illegal and, thus, he failed to preserve this claim for review.

Appellee responded that his claim was properly preserved by raising it for the first time in his Rule 1925(b) Statement.

The panel rejected the Commonwealth's waiver argument by stating that:

This issue was raised in the first paragraph of [appellee's] Pa.R.A.P.1925(b) statement dated May 18, 2004, which renders the Commonwealth's waiver argument as to this issue specious.

*Commonwealth v. McMullen*, 881 A.2d 841, 849 n. 6 (Pa.Super.2005). But the Commonwealth's argument was not "specious," and the panel's reasoning is correspondingly problematic. A claim which is waived before the trial court is not given life by raising it for the first time after an appeal has been taken.

After this non-responsive rejection of the waiver argument, the panel explained that it had already considered appellee's "contention that the aggregate punishment for the six criminal contempt convictions necessitates a vacation of the sentence" during its discussion of appellee's first claim, *i.e.*, that his sentences were illegal because they exceeded the statutory maximum. *Id.* at 849. The panel unfortunately went further and *sua sponte* considered the question of the statutory right to a jury trial under Section 4136(a)(3)(i) because it had "yet to be resolved." *Id.* The panel explained that it would take direction from *L & J Equipment Co. v. United Mine Workers of America*, 339 Pa.Super. 51, 488 A.2d 303 (1985), wherein a Superior Court panel reversed and vacated an indirect criminal contempt conviction finding that:

[the defendant was] necessarily entitled to the rights specified in Section 4136, including the right to admission to bail, the right to be notified of the accusations against [him], and upon demand, the right to a trial by jury.

*McMullen*, 881 A.2d at 849–50 (quoting *L & J Equip. Co.*, 488 A.2d at 307). Unencumbered by advocacy, the panel then found that after review of the record, appellee was not advised of, *inter alia*, his right to a trial by jury under Section 4136(a)(3)(i) and therefore, could not have exercised his right

to request a jury trial. Thus, the panel instructed that on remand "this procedural deficiency shall be rectified to avail [appellee] the option to proceed with a jury in resolving his contempt violations." *Id.* at 851.

In short, the panel made two fundamental errors: it failed to consider the actual waiver argument forwarded by the Commonwealth (and nonetheless granted relief) and it then raised another issue *sua sponte.* Although the Commonwealth now makes a brief reference to appellee having waived the actual claim presented below, the waiver argument was not the subject of our grant of review of the Commonwealth's allocatur petition. Accordingly, this claim is not for the Court to consider presently, *Commonwealth v. Revere,* 585 Pa. 262, 888 A.2d 694, 700 n. 8 (2005); *Commonwealth v. Travers,* 564 Pa. 362, 768 A.2d 845, 846 (2001), albeit the Superior Court should consider it upon remand.

However, the record plainly shows that no constitutional challenge was raised to Section 4136 below, because Section 4136 was not an issue until the panel made it one. I highlight the issue because of the obvious supervisory concern. The Superior Court's unnecessary holding regarding Section 4136(a)(3)(i) was rendered in a published opinion, and the Commonwealth, which certainly was aggrieved by the holding, properly sought review here. This creates a circumstance where this Court must address an avoidable constitutional issue in the first instance. I would remind the Superior Court of the limits of its authority that an issue not presented or preserved for appellate review should not be considered by an appellate court. *See Skepton v. Borough of Wilson,* 562 Pa. 344, 755 A.2d 1267, 1270 (2000); *Knarr v. Erie Ins. Exchange,* 555 Pa. 211, 723 A.2d 664, 666 (1999); *In re J.M.,* 556 Pa. 63, 726 A.2d 1041, 1051 n. 15 (1999); *Riedel v. Human Relations Comm'n of City of Reading,* 559 Pa. 34, 739 A.2d 121, 123–25 (1999); *Estep v. Estep,* 508 Pa. 623, 500 A.2d 418, 419 (1985); *Com. ex rel. Robinson by Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800, 804–05 (1984); *Phillips Home Furnishings, Inc. v. Continental Bank,* 467 Pa. 43, 354 A.2d 542, 543–44 (1976); *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256, 257 (1975).

454

Turning to the second issue, the majority finds that Section 4136(b), which caps punishment for indirect criminal contempt at a $100 fine or 15 days imprisonment, is unconstitutional. I agree and I write only to elaborate on my take of the Majority's reasoning.

It is axiomatic that the General Assembly can legislate crimes, including appropriate punishment. Generally, it is the province of the General Assembly to prescribe the punishment for criminal conduct. However, none of our precedent on the General Assembly's power to fix punishment for crimes pertains to contempt of court, which, as the Majority correctly notes, is different from other crimes, and different in a way that implicates the fundamental separation of powers of the branches of government.

Indirect criminal contempt, of course, is a crime and individuals charged with such are afforded procedural safeguards under the Pennsylvania and U.S. Constitutions, and under Pennsylvania statutory law and criminal procedure. *See Crozer–Chester Med. Ctr. v. Moran*, 522 Pa. 124, 560 A.2d 133, 137 (1989); *Commonwealth v. Charlett*, 481 Pa. 22, 391 A.2d 1296, 1298 (1978). However, criminal contempt of court is *sui generis*, as it involves conduct implicating fundamental judicial authority. It is well-settled, as the Majority notes, that the courts have the inherent power to enforce compliance with lawful orders through contempt, including the power to impose punishment for non-compliance. *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *see also Commonwealth v. Bowden*, 576 Pa. 151, 838 A.2d 740, 760 (2003); *Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759, 763 (1980); *Commonwealth v. Haefner*, 470 Pa. 392, 368 A.2d 686, 688 (1977); *In re Martorano*, 464 Pa. 66, 346 A.2d 22, 27 (1975); *East Caln Twp. v. Carter*, 440 Pa. 607, 269 A.2d 703, 705 (1970); *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336, 338 (1968).

While it is true that the General Assembly generally may fix the appropriate punishment for criminal conduct, criminal contempt is obviously distinct and different. I agree with the Majority that the offense is against the authority of the court,

a coordinate branch of government, which is not the same as offenses against the public encompassed by the Crimes Code, Vehicle Code, drug offenses and the like. A court that issues an order which is subsequently violated is uniquely situated to set the appropriate punishment for violation of that order. In my view, the General Assembly cannot dictate to the courts what is adequate punishment to vindicate a court's authority. Indeed, to concede such a power would be to allow the General Assembly, in theory, to destroy the judiciary's ability to address contempt: for what would there be to prevent the General Assembly from limiting punishment to something completely toothless such as, for instance, a five dollar fine? Our constitutional supervisory role mandates that the judiciary should determine how to enforce court edicts. Allowing the trial courts to freely exercise their inherent contempt power, subject to judicial review, will ensure orderly judicial function and compliance with court orders.

In summary, while I believe that the Superior Court improperly raised and ruled upon the issue of appellee's statutory right to a jury trial under Section 4136(a)(3)(i), I join the Majority Opinion which holds that the General Assembly usurped this Court's constitutional rulemaking authority when it enacted Section 4136(a)(3)(i) and that Section 4136(b) is unconstitutional.

Justice GREENSPAN joins this opinion.

Justice GREENSPAN, concurring.

I join the Majority Opinion authored by Justice Eakin, as well as the Chief Justice's Concurring Opinion, for the following reasons. One of appellant's initial claims on appeal to the Superior Court was that his constitutional right to a jury trial was violated when the trial court imposed, without a prior offer of trial by jury, an aggregate sentence that exceeded six months. The Superior Court panel had authority and an obligation to consider this claim, as well as the Commonwealth's assertion that appellant waived the claim by failing to include it in his Statement of Questions Complained of on

Appeal. The panel was not authorized to convert appellant's constitutional claim into one based on the statutory right to a jury trial apparently granted by 42 Pa.C.S. § 4136(a)(3)(i).

Of course, once the Superior Court improperly refocused the issue on Section 4136, and then further determined that appellant was denied his rights under the statute, the Commonwealth was entitled to seek review in this Court to challenge: 1) the failure of the Superior Court to consider the case on the proper grounds; and 2) the merits of the panel's decision. This Court, as carefully and thoroughly set out in the Majority Opinion, concludes that under *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982), the Legislature usurped the Court's constitutional rulemaking authority when it granted the right to a jury trial in Section 4136(a)(3)(i). Therefore, the subsection is unconstitutional and must be stricken. That conclusion is correct and I join it.[1]

The second issue this case presents is whether the legislature unconstitutionally usurped this Court's authority in the area of contumacious violation of a court order when it limited a sentence of imprisonment for indirect criminal contempt to 15 days.[2] On this issue, I join the Chief Justice in noting that criminal contempt of court is *sui generis*. The General Assembly certainly may legislate in a given area of the law (such as in the case of Protection From Abuse matters), and may authorize court orders and punishments for their violation in the context of those areas. The resulting court orders in such cases are legislatively authorized by statute. Here, however,

---

1.  I also agree with the Chief Justice's observation that on remand, the focus of the Superior Court should be on whether appellant preserved the claim that his constitutional right to a jury trial was violated (the issue he raised in the first instance).

2.  Appellant initially claimed that his sentence violated 42 Pa.C.S. § 4133, **Commitment or fine for contempt.** Section 4133 provides that commitment for contempt is proper "only [for] contempts committed in open court" and "all other contempts shall be punished by fine only," except if "otherwise provided by statute." 42 Pa.C.S. § 4133. The Superior Court panel looked to Section 4136(b) because it believed that subsection presented a statutory exception to the "fine only" provision in Section 4133. One could argue that Section 4133 likewise constitutes an infringement on a court's authority to enforce its own orders. However, that statute is not before us in this case.

with Section 4136(b), the Legislature limits the court's authority to punish for indirect criminal contempts of *any and all* of the court's general orders of injunction and restraint. Thus, it purports to apply to every injunction and restraining order a court enters. Under the statute, a court cannot fashion its sentence based on the nature of the contemnor's violation or the danger the violation may have triggered. Rather, the court is limited to imposing, at a maximum, a brief period of incarceration, no matter the facts surrounding the case. This is an improper encroachment on a court's inherent authority to enforce its own orders and so certainly constitutes an illegal infringement on the separation of powers.

Unlike Justice Saylor, I believe that criminal contempts of court present the *only* instance where courts may make a rule, adjudicate its violation, and assess a penalty. The right of appellate review serves to protect the contemnor. The limits imposed by the legislature in Section 4136(b) abrogate the inherent power by which the court can enforce its own orders. Because Section 4136(b) violates the separation of powers doctrine, it is invalid.

Justice McCAFFERY joins.

Justice SAYLOR, concurring and dissenting.

With regard to the first issue, I concur in the result based solely on *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982), which, as the majority explains, held broadly that "the right to trial by jury is not a 'substantive right,' but a right of procedure through which rights conferred by substantive law are enforced." *Id.* at 361, 456 A.2d at 1329.

Absent such precedent, however, I would construe Section 4136 of the Judicial Code as having significant substantive aspects and, thus, not violative of Article 5, Section 10(c) of the Pennsylvania Constitution. *See* PA. CONST. art. 5, § 10(c); *accord Sorrell*, 500 Pa. at 364, 456 A.2d at 1330–31 (Nix, J., dissenting) ("The truth of the matter is that the right to trial by jury unlike most other rights is neither purely 'procedural' nor purely 'substantive,' but rather '... fall[s] within the

uncertain area between substance and procedure, [and is] rationally capable of classification as either.'" (quoting *Hanna v. Plumer*, 380 U.S. 460, 472, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965))).

Furthermore, as I have previously expressed, both in gray areas between substance and procedure, and in matters that have not yet been occupied by this Court via its own procedural rules, I would allow some latitude to the Legislature to make rules touching on procedure, so long as such rules are reasonable and do not unduly impinge on this Court's constitutionally prescribed powers and prerogatives. *Accord Commonwealth v. Morris*, 573 Pa. 157, 187, 822 A.2d 684, 702 (2003) (Saylor, J., concurring).[1]

Here, I believe that Section 4136 is reasonable, since it operates as a constraint on the ability of a single tribunal to make a rule, adjudicate its violation, and assess its penalty, a power that at least one Supreme Court Justice has observed is "out of accord with our usual notions of fairness and separation of powers." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 840, 114 S.Ct. 2552, 2563, 129 L.Ed.2d 642 (1994) (Scalia, J., concurring). For this reason, I also respectfully dissent with regard to the second issue, which is not controlled by precedent, and as to which

1. Notably, in *Penn Anthracite Mining Co. v. Anthracite Miners of Pa.*, 318 Pa. 401, 178 A. 291 (1935), the Court considered a constitutional challenge to the precursor of the disputed statute—the Act of June 23, 1931, P.L. 925 (as amended 17 P.S.2047, 2048), which, like Section 4136, provided for a jury trial and limited punishment for indirect criminal contempt to fifteen days and a one-hundred dollar fine. Indeed, the issue addressed in *Penn Anthracite* was, "[m]ay the Legislature grant the right to a jury trial for one charged with the 'indirect criminal contempt for violation of a restraining order' and limit the punishment?" *Id.* at 406, 178 A. at 293. In upholding the statute, the Court expressly rejected the assertion that it materially interferes with the inherent power of the judiciary, noting that similar restrictions on federal courts have not interfered with judicial administration. *See id.* at 411, 178 A. at 295 (citing *Michaelson v. United States*, 266 U.S. 42, 65, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924)). Although this decision did not consider the Court's exclusive rulemaking power under Article 5, Section 10 (as this section was not yet in existence), it found the statute governing indirect criminal contempt to be a valid limitation on the court's chancery powers. *See id.* at 411–12, 178 A. at 295.

the majority invalidates Section 4136(b) based on an inherent-powers rationale.