**[J-30-2015][M.O. – Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 127 MAP 2014 |
| | : | |
| Appellant | : | Appeal from the Order of the Berks |
| | : | County Court of Common Pleas, |
| v. | : | Criminal Division, at No. CP-06-CR- |
| | : | 0004662-2012 dated 8/27/13 |
| JOSE LUIS OLIVO, | : | |
| | : | |
| Appellee | : | ARGUED: May 5, 2015 |

**CONCURRING OPINION**

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED: November 18, 2015**

The majority appears to reaffirm the broadly-stated proposition that the Legislature is free to change the rules of evidence. *See* Majority Opinion, *slip op.* at 20-21 (quoting, indirectly, *Commonwealth v. Newman*, 534 Pa. 424, 429, 633 A.2d 1069, 1071 (1993)). As such, it is unclear whether the majority's ensuing conclusion that Section 5920 is substantive in nature is material to its disposition of the case. *See id.* at 21. In any event, I am not persuaded by this latter proposition, since, as I read the statute, Section 5920 merely authorizes the admission of a form of evidence in a manner very similar to other varieties of evidential rules. *See* 42 Pa.C.S. §5920.[1]

---

[1] Upon my reading, the statute merely authorizes the presentation of expert testimony but apparently does not supplant other salient considerations, such as the application of the requirement of Rule of Evidence 702(c) that the expert's methodology must be generally accepted in the relevant field. *Accord Commonwealth v. George*, No. 504 WDA 2014, *slip op.* at 6, 2015 WL 5970739 (Pa. Super. Sept. 25, 2015); *cf. People v. Watkins*, 818 N.W.2d 296, 313-15 (Mich. 2012) (determining that a statute indicating that certain evidence "is admissible and may be considered for its bearing on any matter (continued…)

This Court promulgated the Pennsylvania Rules of Evidence under what it has deemed to be its "exclusive" rulemaking authority under Article V, Section 10(c) of the Pennsylvania Constitution, but, to my knowledge, it has never provided a satisfying reconciliation of such exclusivity with the acknowledgement that the General Assembly retains the ability to create evidential rules. For my own part, I maintain that the Court simply should recognize the appropriateness of some reasonable power sharing in the rulemaking arena. *Accord Freed v. Geisinger Med. Center*, 607 Pa. 225, 251, 5 A.3d 212, 228 (2010) (Saylor, J., dissenting) ("[A]s I have previously expressed, both in gray areas between substance and procedure, and in matters that have not yet been occupied by this Court via its own procedural rules, I would allow some latitude to the Legislature to make rules touching on procedure, so long as such rules are reasonable and do not unduly impinge on this Court's constitutionally prescribed powers and prerogatives." (quoting *Commonwealth v. McMullen*, 599 Pa. 435, 458, 961 A.2d 842, 856 (2008) (Saylor, J., concurring and dissenting))); *cf. Watkins*, 818 N.W.2d at 309 (applying the Michigan Supreme Court's approach that a rule of evidence violates the Michigan analogue to Article V, Section 10(c) only when "no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified" (quoting, indirectly, *Kirby v. Larson*, 256 N.W.2d 400, 406 (Mich. 1977))).

Primarily in light of the above differences, I respectfully concur in the result.

---

(…continued)
to which it is relevant" did not supplant the application of the Michigan analogue to Pennsylvania Rule of Evidence 403). Rather, the intention seems to be merely to remove the appearance of a *per se* prohibition erected by some of the language used in *Commonwealth v. Dunkle*, 529 Pa. 168, 602 A.2d 830 (1992). Indeed, had the General Assembly manifested an intention to nullify the application of other evidentiary rules designed to maintain fundamental fairness in the courtroom, I would have much greater difficulty with the majority disposition of the present case.