J-S17022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DONALD PRISTAS | |
| Appellant | No. 1035 WDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s):CP-02-SA-0000691-2015

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.:       **FILED JULY 13, 2016**

I respectfully dissent because although the majority astutely observes Appellant's conviction is properly graded as a misdemeanor of the third degree, the Commonwealth and Appellant proceeded as if the offense was a summary one.[1] It is, in my view, against the interests of fairness and due process to affirm the conviction without ensuring Appellant had proper notice of the severity of the offense he faced and his attendant constitutional rights.[2] Accordingly, I would remand this matter to the trial court, afford the

---

[*] Former Justice specially assigned to the Superior Court.

[1] It appears, however, that the trial court imposed a fine in line with a misdemeanor of the third degree. **See** 18 Pa.C.S. § 1101(6)-(7).

[2] For example, because the parties proceeded in the court of common pleas as if the matter were a summary appeal, it is unclear whether Appellant was apprised of his right to a jury for a crime involving a possible sentence of

parties an opportunity to clarify the nature of the proceedings, grant leave to the Commonwealth to amend the citation to pursue a summary offense if it so desires, and permit a new trial.[3]

---

imprisonment exceeding six months. **Compare** 18 Pa.C.S. § 1104(3), **and Commonwealth v. McMullen**, 961 A.2d 842, 847 (Pa. 2008), **with** Pa.R.Crim.P. 462 (providing a summary appeal shall be heard *de novo* by the judge of the court of common pleas sitting without a jury). Moreover, there is no evidence showing the trial court and the Commonwealth discharged their correlative duties to apprise Appellant of the gravity of the offense, the right to counsel, and the consequences of his decision to proceed *pro se*. Therefore, the breakdowns in the underlying proceedings were so fundamental that I would not find waiver.

[3] Although I would also suggest that the General Assembly, in enacting a misdemeanor harassment offense, did not intend to criminalize a single spur-of-the moment utterance under the circumstances here, I do not reach that issue in light of my belief that a remand is required based on the confusion over the grading issue.