[J-31-2016][M.O. – Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 19 EAP 2015 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered 11/10/14 at No. 272 EDA |
| | : | 2013 reversing the judgment of |
| v. | : | sentence entered on 1/16/13 in the |
| | : | Court of Common Pleas, Philadelphia |
| | : | County, Criminal Division at No. CP-51- |
| WILLIAM CHILDS, | : | CR-0012722-2010 |
| | : | |
| Appellee | : | ARGUED:  March 9, 2016 |

## *CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                                   **DECIDED:  July 19, 2016**

I join the majority opinion and write only to observe that, left to my own devices, I would move away from strict adherence to a substantive-procedural demarcation in connection with rules of evidence. The "procedural" label initially raises questions concerning legislative power to create evidentiary precepts, since this Court has maintained that its procedural rulemaking authority is exclusive. *See Commonwealth v. McMullen*, 599 Pa. 435, 444, 961 A.2d 842, 847 (2008). While the Court has abided an exception for evidentiary matters, I have previously observed that it has never offered a satisfactory reconciliation of such exception with a constitutionally derived exclusivity principle. *See Commonwealth v. Olivo*, ___ Pa. ___, ___, 127 A.3d 769, 781 (2015) (Saylor, C.J., concurring). To me, the solution lies in recognizing that there are mixed substantive-procedural dynamics to many evidentiary precepts, and in affording

tolerance for shared powers in the absence of undue impingements upon the Court's constitutionally prescribed powers and prerogatives. *See id.*

From my point of view, it would be as well, in the present case, to simply decide that a statutory, rebuttable evidentiary presumption favorable to individual rights and liberties should be applied at the trial level at the earliest opportunity, absent explicit legislative direction to the contrary.