J-S66020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL HENRY | : | |
| | : | |
| Appellant | : | No. 1820 EDA 2017 |

Appeal from the Judgment of Sentence November 26, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-MD-0001522-2014

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 07, 2019**

Appellant, Michael Henry, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on November 26, 2014. He challenges the sufficiency of the evidence to support a finding of indirect criminal contempt since the Commonwealth did not bring a necessary witness[1]. We affirm.

_____

[1] In the "Statement of Questions Involved" portion of his brief, Henry presents two distinct questions: first, is the finding of indirect criminal contempt based upon inadmissible hearsay or in the alternative based on insufficient evidence, and second, whether he was deprived of his Due Process rights based on the Commonwealth's failure to bring a necessary witness. However, the argument portion of his brief fails to conform with Pa. R.A.P. 2119(a). Henry fails to include his hearsay argument in the head of either argument section, and fails to ever develop the hearsay argument. Further, although he includes "due process rights" in the head of his first argument section, he fails to address the Due Process claim at all. Instead, he seems to merely repeat the same

Following a preliminary hearing on September 17, 2013, a "stay away" (protective) order was issued directing Henry to have no contact with the Complainant, in a case involving theft and related charges under CP-51-CR-0011718-2013.

On November 26, 2014, Henry was convicted of Contempt for Violation of PFA Order and sentenced to a term of five months and 29 days incarceration. He was also found guilty of Contempt for Failure to Appear with no further penalty.

On December 8, 2014, Henry filed a Motion for Reconsideration. His motion was denied by Order dated May 9, 2017. This timely appeal followed.

Henry challenges the sufficiency of the Commonwealth's evidence to support his indirect criminal contempt conviction. Specifically, Henry argues that the evidence was insufficient to convict him of indirect criminal contempt because the Commonwealth failed to bring a necessary witness to the hearing.

"When reviewing a contempt conviction … we are confined to a determination of whether the facts support the trial court decision. [2] We will

_____

sufficiency of the evidence claim, including repeating paragraphs verbatim, in both argument sections. Thus, we find both the hearsay and due process claims waived. **See Commonwealth v. Spotz**, 18 A.3d 244, 281 n.21 (Pa. 2011) (finding matter waived for lack of development).

[2] Again, Henry has raised no argument on appeal that the trial court erred in reviewing the text messages. He only raises two sufficiency-based arguments. We review the record as it exists in the absence of evidentiary error. As stated in Henry's own Standard of Review section of his brief, "The reviewing court

reverse a trial court's determination only when there has been a plain abuse of discretion." **Commonwealth v. Brumbaugh**, 932 A.2d 108, 111 (Pa. Super. 2007) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Griffiths**, 15 A.3d 73, 76 (Pa. Super. 2010) (citation omitted).

Our standard of review in assessing the sufficiency of the evidence to sustain an appellant's conviction is as follows.

> The standard we apply … is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all

---

must view all of the evidence admitted, even improperly admitted evidence, in conducting a sufficiency review." Appellant's Brief, filed 6/10/18, at 4 (citing **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa. 2013)). "A sufficiency claim will not be reviewed on a diminished record, but rather on the evidence actually presented to the finder of fact rendering the questioned verdict." **Commonwealth v. Brown**, 52 A.3d 1139, 1163-66 (Pa. 2012) (citations omitted).

- 3 -

evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Brumbaugh***, 932 A.2d, at 109-110 (citation omitted).

"Indirect criminal contempt is a violation of a court order that occurred outside the court's presence." ***Commonwealth v. McMullen***, 961 A.2d 842, 849 (Pa. 2008) (citation omitted). To establish indirect criminal contempt, the Commonwealth must prove the following.

(1) [T]he order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; (2) the contemnor had notice of the order; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent.

***Brumbaugh***, 932 A.2d at 110 (unnecessary capitalization and citation omitted).

Here, the order entered by the trial court on September 17, 2013 clearly stated that Henry was to have no contact with the Complainant. Given the clear language of the order, Henry was aware of his duty to stay away from Complainant and have no contact whatsoever with her. Henry had notice of the order as it was entered in his presence and explained to him on September 17, 2013. His act of texting and calling the complainant was clearly volitional since he fully admitted to doing so in order to respond to a message she had sent him, and to ask her about her pregnancy. N.T., 10/14/14, at 18-19, 27-29. These communications occurred after issuance of the stay away order. ***See*** N.T., 11/26/14, at 18. Finally, Henry's wrongful intent can be imputed to

- 4 -

him since he was originally unforthcoming about his communications with the complainant and only admitted to contacting the complainant after being questioned further and trying to "rack [his] brain". N.T., 10/14/14, at 28; **See Brumbaugh,** at 111 ("[W]rongful intent can be imputed by virtue of the substantial certainty that [one's actions will be] … in violation of the PFA order").

Viewing all the evidence in the light most favorable to the verdict winner, we hold that the Commonwealth presented sufficient evidence to find every element of indirect criminal contempt beyond a reasonable doubt. Henry argues it was necessary to present the testimony of the Complainant. We disagree, finding Henry's own admissions were sufficient to establish his willful disregard of the no contact order.

We conclude that Henry's claim is without merit and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/7/19</u>