RULE 140.  CONTEMPT PROCEEDINGS BEFORE MAGISTERIAL DISTRICT JUDGES **AND** PITTSBURGH MAGISTRATES COURT JUDGES**[, AND PHILADELPHIA TRAFFIC COURT JUDGES]**.

(A)  CONTEMPT IN THE PRESENCE OF THE COURT

[1.] **(1)**  An issuing authority may summarily hold an individual in contempt for misbehavior in the presence of the court that obstructs the administration of justice, and, after affording the individual an opportunity to be heard, may impose a punishment of a fine of not more than $100 or imprisonment for not more than 30 days or both.

[2.] **(2)**  The issuing authority shall orally advise the contemnor of the right to appeal within 30 days for a trial *de novo* in the court of common pleas, and that:

[a.] **(a)**  any punishment shall be automatically stayed for a period of 30 days from the date of the imposition of the punishment;

[b.] **(b)**  if the contemnor files an appeal within the 30-day period, the stay will remain in effect pending disposition of the appeal;

[c.] **(c)**  when the punishment is imprisonment, the contemnor has the right to assistance of counsel for the purpose of the *de novo* hearing in the court of common pleas, and, if the contemnor is without financial resources or otherwise unable to employ counsel, counsel will be assigned as provided in Rule 122;

[d.] **(d)**  the contemnor must appear in the court of common pleas for the *de novo* hearing or the appeal may be dismissed; and

[e.] **(e)**  unless a notice of appeal is filed within the 30-day period, on the date specified by the issuing authority, the contemnor must:

[(1)] **(i)**  pay any fine imposed; and

[(2)] **(ii)**  appear before the issuing authority for execution of any punishment of imprisonment.

[3.] **(3)**  The issuing authority shall issue a written order of contempt, in which the issuing authority shall:

[a.] **(a)**  set forth the facts of the case that constitute the contempt;

[b.] **(b)**  certify that the issuing authority saw or heard the conduct constituting the contempt, and that the contempt was committed in the actual presence of the issuing authority;

**[c.] (c)** set forth the punishment imposed, and the date on which the contemnor is to pay any fine or to appear for the execution of any punishment of imprisonment; and

**[d.] (d)** set forth the information specified in paragraph **(A)(2)**.

**[4.] (4)** The order of contempt shall be signed by the issuing authority, and a copy shall be given to the contemnor.

(B) CONTEMPT NOT IN THE PRESENCE OF THE COURT

**[1.] (1)** INSTITUTION OF PROCEEDINGS

**[a.] (a)** An issuing authority may institute contempt proceedings by either

**[(1)] (i)** giving written notice to the alleged contemnor of the time, date, and place of the contempt hearing, or

**[(2)] (ii)** when deemed appropriate by the issuing authority, issuing an attachment by means of a warrant,

whenever a person is alleged to have **[(i)](a)** failed to obey a subpoena issued by the issuing authority; **[(ii)](b)** failed to comply with an order of the issuing authority directing a defendant to pay fines and costs in accordance with an installment payment order; **[(iii)](c)** failed to comply with an order of an issuing authority directing a defendant to compensate a victim; or **[(iv)](d)** failed to comply with an order of an issuing authority in any case in which the issuing authority is by statute given the power to find the person in contempt.

**[b.] (b)** If the proceedings are instituted by notice, the notice shall:

**[(1)] (i)** specify the acts or omissions and the essential facts constituting the contempt charged;

**[(2)] (ii)** advise what the punishment may be for a finding of contempt in the case;

**[(3)] (iii)** if, in the event of a finding of contempt, there is a likelihood that the punishment will be imprisonment, advise the alleged contemnor of the right to the assistance of counsel and that counsel will be assigned pursuant to Rule 122 if the alleged contemnor is without financial resources or is otherwise unable to employ counsel; and

2

**[(4)] (iv)** advise the alleged contemnor that failure to appear at the hearing may result in the issuance of a bench warrant.

**[c.] (c)** The notice shall be served in person or by both first class and certified mail, return receipt requested.

**[2.] (2)** HEARING

**[a.] (a)** The hearing shall be conducted in open court, and the alleged contemnor shall be given a reasonable opportunity to defend.

**[b.] (b)** At the conclusion of the hearing:

**[(1)] (i)** The issuing authority in open court shall announce the decision, and, upon a finding of contempt, impose punishment, if any.

**[(2)] (ii)** If the issuing authority finds contempt and imposes punishment, the issuing authority shall orally advise the contemnor of the right to appeal within 30 days for a trial *de novo* in the court of common pleas, and that:

(a) any punishment shall be automatically stayed for a period of 30 days from the date of the imposition of the punishment;

(b) if the contemnor files an appeal within the 30-day period, the stay will remain in effect until disposition of the appeal;

(c) when the punishment is imprisonment, that the contemnor has the right to assistance of counsel for the purpose of the *de novo* hearing in the court of common pleas and, if the contemnor is without financial resources or otherwise unable to employ counsel, that counsel will be assigned as provided in Rule 122;

(d) the contemnor must appear in the court of common pleas for the *de novo* hearing or the appeal may be dismissed; and

(e) unless a notice of appeal is filed within the 30-day period, on the date specified by the issuing authority, the contemnor must:

(i) pay any fine imposed; and

(ii) appear before the issuing authority for execution

3

of any punishment of imprisonment.

**[(3)] (iii)**  If the issuing authority finds contempt and imposes punishment, the issuing authority shall issue a written order of contempt setting forth:

>        (a)  the facts of the case that constitute the contempt;

>        (b)  the punishment imposed, and the date on which the contemnor is to pay any fine or to appear for the execution of any punishment of imprisonment; and

>        (c)  the information specified in paragraph **[(B)2.b(2)] (B)(2)(b)(ii).**

**[(4)] (iv)**  The order of contempt shall be signed by the issuing authority, and a copy given to the contemnor.

**[(5)] (v)**  Whether or not the issuing authority finds an individual in contempt for failure to comply with an order to pay restitution or to pay fines and costs, the issuing authority may alter or amend the order.  If the issuing authority alters or amends the order, the issuing authority shall:

>        (a)  issue a written order setting forth the amendments and the reasons for the amendments, make the order a part of the transcript, and give a copy of the order to the defendant; and

>        (b)  advise the defendant that the defendant has 30 days within which to file a notice of appeal of the altered or amended order pursuant to Rule 141.

c.  The issuing authority shall not hold a contempt hearing in the absence of the alleged contemnor.  If the alleged contemnor fails to appear for the contempt hearing, the issuing authority may continue the hearing and issue a bench warrant.

**[3.] (3)** PUNISHMENT

Punishment for contempt may not exceed the limits set forth as follows:

**[a.] (a)**  Whenever a person is found to have failed to obey a subpoena issued by the issuing authority, punishment may be a fine of not more than $100.  Failure to pay the fine within a reasonable time may result in imprisonment for not more than 10 days.

4

**[b.] (b)** Whenever a person is found to have failed to comply with an order of the issuing authority directing a defendant to pay fines and costs in accordance with an installment payment order, punishment may be imprisonment for not more than 90 days.

**[c.] (c)** Whenever a person is found to have failed to comply with an order of an issuing authority directing a defendant to compensate a victim, punishment may be a fine of not more than $100 or imprisonment for not more than 30 days, or both.

COMMENT:  This rule sets forth the procedures to implement 42 Pa.C.S. §§ 4137**[,] and** 4138**[, and 4139]** concerning contempt powers of the minor judiciary, as well as any other statutes subsequently enacted that would provide for findings of contempt by the minor judiciary.  It is not intended to supplant the procedures set forth in 23 Pa.C.S. § 6110 *et seq.* concerning violations of protection from abuse orders.

The scope of the contempt powers of magisterial district judges**[,] and** Pittsburgh Magistrates Court judges**[, and Philadelphia Traffic Court judges]** is governed by 42 Pa.C.S. §§ 4137**[,] and** 4138**[, and 4139]** respectively. Therefore, as used in this rule, "issuing authority" refers only to magisterial district judges**[,] and** Pittsburgh Magistrates Court judges**[, and Philadelphia Traffic Court judges]** when acting within the scope of their contempt powers. However, 42 Pa.C.S. §§ 4137(c)**[,] and** 4138(c)**[, and 4139(c)]** contain limitations upon the punishment that a minor court may impose for contempt.  Such statutory limitations were held to be unconstitutional in *Commonwealth v. McMullen,* **[599 Pa. 435,]** 961 A.2d 842 (**Pa.** 2008)*.*

By Orders dated November 29, 2004, 34 Pa.B. 6507 (December 11, 2004) and February 25, 2005, 35 Pa.B. 1662 (March 12, 2005), the Pennsylvania Supreme Court created an administrative judicial unit referred to as the Pittsburgh Municipal Court and assigned all matters within the jurisdiction of the Pittsburgh Magistrates Court to the Pittsburgh Municipal Court.  As a result of these orders, the Pittsburgh Magistrates Court is no longer staffed while the Pittsburgh Municipal Court is staffed by Allegheny County magisterial district judges assigned on a rotating basis.  The

5

terminology is retained in these rules because the Pittsburgh Magistrates Court, which is created by statute, has not been disestablished by the statute.

**This rule was amended in 2018 to remove references to Philadelphia Traffic Court judges after that Court was abolished by an amendment to Article 5, Section 6, of the Pennsylvania Constitution**.

**[Pursuant to Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013), the jurisdiction and functions of the Philadelphia Traffic Court were transferred to the Philadelphia Municipal Court Traffic Division.  The terminology is retained in these rules because the Philadelphia Traffic Court, which is created by the Pennsylvania Constitution, has not been disestablished by constitutional amendment. Hearing officers of the Philadelphia Municipal Court Traffic Division do not have contempt powers of Philadelphia Traffic Court judges under 42 Pa.C.S. § 4139.]**

All contempt proceedings under this rule are to be entered on the issuing authority's miscellaneous docket, and a separate docket transcript for the contempt proceeding is to be prepared.  If an appeal is taken, the issuing authority is required to forward the transcript and the contempt order to the clerk of courts.  *See* Rule 141.

Paragraph (A) sets forth the procedures for handling contempt proceedings when the misbehavior is committed in the presence of the court and is obstructing the administration of justice.  *See* 42 Pa.C.S. §§ 4137(a)(1)**[,]** **and** 4138(a)(1)**[, and 4139(a)(1)]**.  This type of contempt is commonly referred to as "direct" or "summary" contempt. The issuing authority may immediately impose punishment without a formal hearing because prompt action is necessary to maintain or restore order in the courtroom and to protect the authority and dignity of the court.  Although immediate action is permitted in these cases, the alleged contemnor is ordinarily given an opportunity to be heard before the imposition of punishment.  *See Commonwealth v. Stevenson*, **[482 Pa. 76,]** 393 A.2d 386 (**Pa.** 1978).

Customarily, individuals are not held in summary contempt for misbehavior before the court without prior oral warning by the presiding judicial officer.

Paragraph (B) provides the procedures for instituting and conducting proceedings in all other cases of alleged contemptuous conduct subject to the minor judiciary's statutory contempt powers, which are commonly referred to as "indirect criminal contempt" proceedings.

For purposes of this rule, the phrase "failed to obey a subpoena issued by the issuing authority" in paragraph (B)(1)(a) is intended to include the failure to obey any other lawful process ordering the person to appear before an issuing authority.

Pursuant to 42 Pa.C.S. §§ 4137(a)(2), (3), and (4), **and** 4138(a)(2) and (3), **[and 4139(a)(2) and (3)]** only issuing authorities have the power to impose punishment for contempt of court for failure to comply with an order directing a defendant to compensate a victim. *See* paragraph **[(B)1.a] (B)(1)(a)**.

"Indirect criminal contempt" proceedings must be instituted either by serving the alleged contemnor with a notice of the contempt hearing, or by issuing an attachment in the form of a warrant. The alleged contemnor must be afforded the same due process protections that are normally provided in criminal proceedings, including notice of the charges, an opportunity to be heard and to present a defense, and counsel. *See, e.g., Codispoti v. Pennsylvania*, 418 U.S. 506 (1974), and *Bloom v. Illinois*, 391 U.S. 194 (1968).

When a warrant is executed under this rule, the alleged contemnor should be taken without unreasonable delay before the proper issuing authority.

Although 42 Pa.C.S. §§ 4137(a)(4)**[,] and** 4138(a)(3)**[, and 4139(a)(3)]** permit an issuing authority to impose summary punishments for indirect criminal contempt when a defendant fails to comply with an order of the issuing authority directing the defendant to pay fines and costs in accordance with an installment payment order, nothing in this rule is intended to preclude an issuing authority from proceeding pursuant to Rule 456 (Default Procedures: Restitution, Fines, and Costs).

No defendant may be sentenced to imprisonment if the right

7

to counsel was not afforded at the contempt hearing. *See Alabama v. Shelton*, 535 U.S. 654 (2002), *Scott v. Illinois*, 440 U.S. 367 (1979), and *Argersinger v. Hamlin*, 407 U.S. 25 (1972). *Also see* Rule 454 concerning counsel in summary cases. The Supreme Court in *Commonwealth v. Abrams*, **[461 Pa. 327,]** 336 A.2d 308 (**Pa.** 1975)**,** held that the right to counsel applies in cases of criminal contempt. *See also Commonwealth v. Crawford*, **[466 Pa. 269,]** 352 A.2d 52 (**Pa.** 1976).

For the assignment of counsel, follow the Rule 122 procedures for summary cases.

For waiver of counsel, follow the Rule 121 procedures for proceedings before an issuing authority.

For the procedures for taking, perfecting, and handling an appeal from an order entered pursuant to this rule, see Rule 141.

If a contemnor defaults in the payment of a fine imposed as punishment for contempt pursuant to this rule, the matter is to proceed as provided in Rule 142.

*See* Chapter 5 Part C concerning bail before a contempt hearing. *See* 42 Pa.C.S. § 4137(e) concerning a magisterial district judge's authority to set bail after an adjudication of contempt.

Paragraphs **[(A)2.e] (A)(2)(e)** and **[(B)2.b(2)(e)] (B)(2)(b)(2)(e)** require the issuing authority to set a date for the contemnor to pay any fine or to appear for execution of any punishment of imprisonment. This date should be at least 35 days from the date of the contempt proceeding to allow for the expiration of the 30-day automatic stay period and the 5-day period within which the clerk of courts is to serve a copy of the notice of appeal on the issuing authority. *See* Rule 141.

Paragraph **[(B)2.b(5)] (B)(2)(b)(5)** requires that the case be reviewed at the conclusion of a contempt hearing to determine whether the restitution order or the fines and costs installment order should be altered or amended, rather than scheduling another hearing. This review should be conducted whether or not the issuing authority finds an individual in contempt for failure to comply with an order to

pay restitution, or whether or not the issuing authority finds an individual in contempt for failure to comply with an installment order to pay fines and costs.  For the authority to alter or amend a restitution order, see 18 Pa.C.S. § 1106(c)(3).

NOTE:  Rule 30 adopted October 1, 1997, effective October 1, 1998; renumbered Rule 140 and amended March 1, 2000, effective April 1, 2001; *Comment* revised March 26, 2004, effective July 1, 2004; amended March 1, 2012, effective July 1, 2012; *Comment* revised May 7, 2014, effective immediately **[.] ; amended January 2, 2018, effective April 1, 2018.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the provisions of new Rule 30 published with the Court's Order at 27 <u>Pa.B.</u> 5405 (October 18, 1997).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the March 26, 2004 <u>Comment</u> revision concerning right to counsel published with the Court's Order at 34 <u>Pa.B.</u>  1931 (April 10, 2004).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2012 amendments concerning limitations on punishment for contempt published with the Court's Order at 42 <u>Pa.B.</u> 1364 (March 17, 2012).*

*<u>Final</u> <u>Report</u> explaining the May 7, 2014 Comment revision concerning the transfer of the Philadelphia Traffic Court functions to the Philadelphia Municipal Court published with the Court's Order at 44 <u>Pa.B.</u> 3056 (May 24, 2014).*

*<u>Final Report explaining the January 2, 2018 amendment concerning the abolition of the Philadelphia Traffic Court published with the Court's Order at 47 Pa.B.          (          , 2018).</u>*

RULE 141.  APPEALS FROM CONTEMPT ADJUDICATIONS BY MAGISTERIAL DISTRICT JUDGES **AND** PITTSBURGH MAGISTRATES COURT JUDGES**[, AND PHILADELPHIA TRAFFIC COURT JUDGES]**.

(A)  An appeal authorized by 42 Pa.C.S. §§ 4137(d)**[,] and** 4138(d)**[, or 4139(d)]** of the action of an issuing authority in a contempt proceeding shall be perfected by filing a notice of appeal within 30 days after the action of the issuing authority with the clerk of courts and by appearing in the court of common pleas for the *de novo* hearing.

(B)  In all cases, the punishment imposed for contempt shall be stayed for 30 days from the imposition of the punishment.  If an appeal is filed within the 30-day period, the stay shall remain in effect pending disposition of the appeal.

(C)  The notice of appeal shall contain the following information:

   (1)  the name and address of the appellant;

   (2)  the name and address of the issuing authority who heard the case;

   (3)  the magisterial district number where the case was heard;

   (4)  the date of the imposition of punishment;

   (5)  the punishment imposed;

   (6)  the type or amount of bail furnished to the issuing authority, if any; and

   (7)  the name and address of the attorney, if any, filing the notice of appeal.

(D)  Within 5 days after the filing of the notice of appeal, the clerk of courts shall serve a copy either personally or by mail upon the issuing authority.

(E)  The issuing authority shall, within 20 days after receipt of the notice of appeal, file with the clerk of courts:

   (1)  the transcript of the proceedings;

   (2)  either the notice of the hearing or a copy of the attachment;

   (3)  the contempt order; and

   (4)  any bench warrant.

(F)  Upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the appropriate division of the court of common pleas as the president judge shall direct.

10

(1)  If the judge assigned to hear the matter finds contempt and imposes punishment, the case shall remain in the court of common pleas for execution of any punishment, including the collection of any fines or costs.

(2)  If the appellant fails to appear for the *de novo* hearing, the judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

(3)  If the appellant withdraws the appeal, the judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

> COMMENT:  This rule provides the procedures for taking an appeal from a finding of contempt by a magisterial district judge**[,] or** a Pittsburgh Magistrates Court judge**[, or a Philadelphia Traffic Court judge].**
>
> As used in this rule, "issuing authority" refers only to magisterial district judges**[,] and** Pittsburgh Magistrates Court judges**[, and Philadelphia Traffic Court judges]** when acting within the scope of their contempt powers.  *See* 42 Pa.C.S. §§ 4137**[,] and** 4138**[, and 4139]**.
>
> By Orders dated November 29, 2004, 34 Pa.B. 6507 (December 11, 2004) and February 25, 2005, 35 Pa.B. 1662 (March 12, 2005), the Pennsylvania Supreme Court created an administrative judicial unit referred to as the Pittsburgh Municipal Court and assigned all matters within the jurisdiction of the Pittsburgh Magistrates Court to the Pittsburgh Municipal Court.  As a result of these orders, the Pittsburgh Magistrates Court is no longer staffed while the Pittsburgh Municipal Court is staffed by Allegheny County magisterial district judges assigned on a rotating basis.  The terminology is retained in these rules because the Pittsburgh Magistrates Court, which is created by statute, has not been disestablished by the statute.
>
> **This rule was amended in 2018 to remove references to Philadelphia Traffic Court judges after that Court was abolished by an amendment to Article 5, Section 6, of the Pennsylvania Constitution**.
>
> **[Pursuant to Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013), the jurisdiction and functions of the Philadelphia**

11

**Traffic Court were transferred to the Philadelphia Municipal Court Traffic Division. The terminology is retained in these rules because the Philadelphia Traffic Court, which is created by the Pennsylvania Constitution, has not been disestablished by constitutional amendment. Hearing officers of the Philadelphia Municipal Court Traffic Division do not have contempt powers of Philadelphia Traffic Court judges under 42 Pa.C.S. § 4139.]**

As the Pennsylvania Supreme Court stated in *Commonwealth v. McMullen*, **[599 Pa. 435,]** 961 A.2d 842 (**Pa.** 2008), legislative limitations on a court's power to sentence for contempt are unconstitutional.

Pursuant to paragraph (B), any punishment imposed for contempt will be automatically stayed for 30 days from the date of the imposition of the punishment, during which time a notice of appeal may be filed with the clerk of courts. To the extent that 42 Pa.C.S. §§ 4137(d)**[,] and** 4138(d)**[, and 4139(d)]** are inconsistent with this rule, they are suspended by Rule 1101 (Suspension of Acts of Assembly).

If no notice of appeal is filed within the 30-day period following imposition of the punishment, Rule 140 requires the issuing authority to direct the contemnor on a date certain to pay any fine imposed or to appear for execution of any punishment of imprisonment.

*See* 42 Pa.C.S. § 4137(e) concerning the imposition of bail as a condition of release by a magisterial district judge.

The procedures set forth in Rule 462 (Trial *De Novo*) for a trial *de novo* on a summary case should be followed when a contempt adjudication is appealed to the common pleas court.

No defendant may be sentenced to imprisonment if the right to counsel was not afforded at the *de novo* contempt hearing. *See Alabama v. Shelton*, 535 U.S. 654 (2002), *Scott v. Illinois*, 440 U.S. 367 (1979), and *Argersinger v. Hamlin*, 407 U.S. 25 (1972).

Paragraph (F) makes it clear that the judge assigned to conduct the *de novo* hearing may dismiss an appeal of the action of an issuing authority in a contempt proceeding when

the judge determines that the appellant is absent without cause from the *de novo* hearing. If the appeal is dismissed, the judge should enter judgment and order execution of any punishment imposed by the issuing authority.

Once punishment for a contempt adjudication is imposed, paragraph (F)(1) makes it clear that the case is to remain in the court of common pleas for execution of the sentence and collection of any fine and costs, and the case may not be returned to the issuing authority.

NOTE: Rule 31 adopted October 1, 1997, effective October 1, 1998; renumbered Rule 141 and *Comment* revised March 1, 2000, effective April 1, 2001; amended February 28, 2003, effective July 1, 2003; *Comment* revised March 26, 2004, effective July 1, 2004; amended March 1, 2012, effective July 1, 2012; *Comment* revised May 7, 2014, effective immediately **[.] ; amended January 2, 2018, effective April 1, 2018.**

\*         \*         \*         \*         \*         \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the provisions of new Rule 31 published with the Court's Order at 27 Pa.B. 5405 (October 18, 1997).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the February 28, 2003 amendments concerning contempt appeals published with the Court's Order at 33 Pa.B. 1326 (March 15, 2003).*

*Final Report explaining the March 26, 2004 Comment revision concerning right to counsel published with the Court's Order at 34 Pa.B. 1931 (April 10, 2004).*

*Final Report explaining the March 1, 2012 amendments regarding limitations on punishment for contempt published with the Court's Order at 42 Pa.B. 1364 (March 17, 2012).*

*Final Report explaining the May 7, 2014 Comment revision concerning the transfer of the Philadelphia Traffic Court functions to the Philadelphia Municipal Court published with the Court's Order at 44 Pa.B. 3056 (May 24, 2014).*

*Final Report explaining the January 2, 2018 amendment concerning the abolition of the Philadelphia Traffic Court published with the Court's Order at 48 Pa.B.        (        , 2018).*

RULE 142.  PROCEDURES GOVERNING DEFAULTS IN PAYMENT OF FINE IMPOSED AS PUNISHMENT FOR CONTEMPT.

(A)  If a contemnor defaults on the payment of a fine imposed as punishment for contempt pursuant to Rule 140(A)(1) and (B)(3), the issuing authority shall notify the contemnor in person or by first class mail that within 10 days of the date on the default notice the contemnor must either:

(1)  pay the amount due as ordered, or

(2)  appear before the issuing authority to explain why the contemnor should not be imprisoned for nonpayment as provided by law,

or a bench warrant for the contemnor's arrest shall be issued.

(B)  When the contemnor appears either in response to the paragraph (A)(2) notice or following an arrest with a warrant issued pursuant to paragraph (A), the issuing authority shall conduct a hearing to determine whether the contemnor is financially able to pay as ordered.

(1)  Upon a determination that the defendant is financially able to pay as ordered, the issuing authority may impose imprisonment for nonpayment, as provided by law.

(2)  Upon a determination that the contemnor is financially unable to pay as ordered, the issuing authority may order a schedule for installment payments.

(C)  A contemnor may appeal an issuing authority's determination pursuant to this rule by filing a notice of appeal within 30 days of the issuing authority's order.  The appeal shall proceed as provided in Rule 141.

COMMENT:  This rule provides the procedures governing defaults in the payment of fines imposed as punishment for contempt in proceedings before magisterial district judges**[,] and** Pittsburgh Magistrates Court judges**[, and Philadelphia Traffic Court judges]**.  *See* Rule 140(A)(1) and (B)(3).

As used in this rule, "issuing authority" refers only to magisterial district judges**[,] and** Pittsburgh Magistrates Court judges**[, and Philadelphia Traffic Court judges]** when acting within the scope of their contempt powers.  *See* 42 Pa.C.S. §§ 4137**[,] and** 4138**[, and 4139]**.

By Orders dated November 29, 2004, 34 Pa.B. 6507 (December 11, 2004) and February 25, 2005, 35 Pa.B. 1662

15

(March 12, 2005), the Pennsylvania Supreme Court created an administrative judicial unit referred to as the Pittsburgh Municipal Court and assigned all matters within the jurisdiction of the Pittsburgh Magistrates Court to the Pittsburgh Municipal Court.  As a result of these orders, the Pittsburgh Magistrates Court is no longer staffed while the Pittsburgh Municipal Court is staffed by Allegheny County magisterial district judges assigned on a rotating basis.  The terminology is retained in these rules because the Pittsburgh Magistrates Court, which is created by statute, has not been disestablished by the statute.

**This rule was amended in 2018 to remove references to Philadelphia Traffic Court judges after that Court was abolished by an amendment to Article 5, Section 6, of the Pennsylvania Constitution**.

**[Pursuant to Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013), the jurisdiction and functions of the Philadelphia Traffic Court were transferred to the Philadelphia Municipal Court Traffic Division.  The terminology is retained in these rules because the Philadelphia Traffic Court, which is created by the Pennsylvania Constitution, has not been disestablished by constitutional amendment. Hearing officers of the Philadelphia Municipal Court Traffic Division do not have contempt powers of Philadelphia Traffic Court judges under 42 Pa.C.S. § 4139.]**

For contempt procedures generally, see Rule 140.

As the Pennsylvania Supreme Court stated in *Commonwealth v. McMullen*, **[599 Pa. 435,]** 961 A.2d 842 (**Pa.** 2008), legislative limitations on a court's power to sentence for contempt are unconstitutional.

When a contemnor defaults on a payment of a fine, paragraph (A) requires the issuing authority to notify the contemnor of the default, and to provide the contemnor with an opportunity to either pay the amount due or appear within a 10-day period to explain why the contemnor should not be imprisoned for nonpayment.  If the contemnor fails to pay or appear, the issuing authority must issue a bench warrant for the arrest of the contemnor.

If the hearing on the default cannot be held immediately, the

issuing authority may set bail as provided in Chapter 5 Part C.

This rule contemplates that when there has been an appeal pursuant to paragraph (C), the case would return to the issuing authority who presided at the default hearing for completion of the collection process.

NOTE:  Rule 32 adopted October 1, 1997, effective October 1, 1998; renumbered Rule 142 and amended March 1, 2000, effective April 1, 2001; amended March 3, 2004, effective July 1, 2004; amended March 1, 2012 effective July 1, 2012; *Comment* revised May 7, 2014, effective immediately **[.]** **; amended January 2, 2018, effective April 1, 2018.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the provisions of new Rule 32 published with the Court's Order at 27 Pa.B. 5405 (October 18, 1997).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 3, 2004 rule changes deleting "show cause" published with the Court's Order  at 34 Pa.B. 1561 (March 20, 2004).*

*Final Report explaining the March 1, 2012 rule changes regarding limitations on punishment for contempt published with the Court's Order at 42 Pa.B. 1364 (March 17, 2012).*

*Final Report explaining the May 7, 2014 Comment revision concerning  the transfer of the Philadelphia Traffic Court functions to the Philadelphia Municipal Court published with the Court's Order at 44 Pa.B. 3056 (May 24, 2014).*

*Final Report explaining the January 2, 2018 amendment concerning the abolition of the Philadelphia Traffic Court published with the Court's Order at 48 Pa.B.            (            , 2018).*