J-S65044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LASKOWSKI | : | |
| | : | |
| Appellant | : | No. 828 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 7, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  2017-12193

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED JANUARY 13, 2020**

Appellant, David Laskowski, appeals from the judgment of sentence of six months' imprisonment imposed for indirect criminal contempt for violations of a Protection from Abuse (PFA) order.  Appellant's appellate counsel has filed a petition to withdraw and an ***Anders***[1] brief, stating that the appeal is wholly frivolous.  After careful review, we grant counsel's petition to withdraw and affirm.

On October 31, 2017, the Complainant, B.A., obtained a final PFA order (the PFA Order) which barred Appellant from having any form of contact with her through October 31, 2020.  This PFA Order provides that Appellant is

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

excluded from Complainant's residence on Steele Street in Hanover Township, Pennsylvania, and that he has no right or privilege to enter or be present on those premises. PFA Order ¶2. The PFA Order further prohibits Appellant from any direct or indirect contact with Complainant and specifically bars him from telephoning or texting her or contacting her by social media. *Id.* ¶¶3-4.

Appellant was convicted in 2018 of indirect criminal contempt for two violations of the PFA Order and was sentenced to six months' imprisonment with credit for time served for one of the violations, followed by a consecutive six month period of probation for the other violation. Indirect Criminal Contempt Order, 11/20/18. Appellant was released from his prison sentence for those convictions on the morning of April 27, 2019.

In the late afternoon of April 27, 2019, Appellant went to Complainant's Steele Street house and knocked on her door. N.T. at 4-6. The next day, April 28, 2019, Appellant sent Complainant a Facebook video chat request. *Id.* at 6-7, 9. Appellant was charged with violations of the PFA Order based on these events.

The trial court held a contempt hearing on May 7, 2019, at which Complainant, Appellant, and the police officer who responded to Complainant's April 27, 2019 911 call testified. Complainant testified that at approximately 5:28 p.m. on April 27, 2019, she was in her house and heard her dog barking outside and that when she looked out the window, she saw Appellant petting her dog next to the door of her house and heard him

- 2 -

knocking on her door. N.T. at 4-6, 10. Complainant also testified that she was asleep the next afternoon and that when she woke up, she saw a 2:14 p.m. missed call Facebook video chat request from Appellant on her phone. *Id.* at 6-7, 9-10. Appellant testified that he was not at Complainant's house on April 27, 2019. *Id.* at 12-13. Appellant admitted that he called Complainant on April 28, 2019 via Facebook messenger, but testified that he did so by accident and immediately canceled the call. *Id.* at 13-16. The police officer testified that he and his partner searched the area near Complainant's house following Complainant's 911 call and did not find Appellant. *Id.* at 11-12.

At the close of the hearing, the trial court found Appellant guilty of both violations. N.T. at 16. The trial court sentenced Appellant to six months' imprisonment for each violation, with the sentences to run concurrently, and provided in its order that Appellant was work-release eligible. *Id.* at 16-17; Indirect Criminal Contempt Order, 5/7/19. The trial court also extended the PFA Order until May 7, 2022, as a result of Appellant's violations. N.T. at 17.

On May 17, 2019, Appellant filed the instant timely direct appeal.[2] On September 26, 2019, appellate counsel filed an *Anders* brief and petition to

---

[2] Appellant timely filed a statement of errors complained of on appeal on June 10, 2019 listing the same appellate issue as counsel sets forth in his *Anders* brief. The trial court entered its opinion on July 15, 2019.

withdraw as counsel. In his ***Anders*** brief, appellate counsel presents the following single issue:

> Did the Commonwealth establish, beyond a reasonable doubt, that the Appellant possessed and/or acted with wrongful intent when allegedly committing the violation that served as the basis for a charge of indirect criminal contempt?

***Anders*** Brief at 2. Appellant has not filed any *pro se* response to counsel's petition to withdraw or ***Anders*** brief. On October 24, 2019, the Commonwealth advised the Court that it had elected not to file a brief.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. ***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).[3]

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file

---

[3] Although it appears that Appellant finished serving his sentence for the instant contempt convictions on October 30, 2019, this appeal is not moot. Appellant's six-month probation that he was still serving for his earlier violation of the PFA Order was revoked based on these convictions and he was resentenced to a consecutive six months' imprisonment for the probation violation. Indirect Criminal Contempt Order, 6/28/19.

- 4 -

a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or to raise *pro se* any additional points that he deems worthy of the court's attention. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 183 (Pa. Super. 2016); **Goodwin**, 928 A.2d at 290. An **Anders** brief must comply with the all of the following requirements:

> [T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); **see also Dempster**, 187 A.3d at 270; **Commonwealth v. Zeigler**, 112 A.3d 656, 660 (Pa. Super. 2015). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271; **Zeigler**, 112 A.3d at 660.

In this appeal, appellate counsel states in his petition to withdraw that he has reviewed the entire record and determined that there are no non-frivolous grounds for the appeal. Appellate counsel's September 26, 2019 letter to Appellant enclosed a copy of the **Anders** brief and advised him of his right to either retain new counsel or proceed *pro se* on appeal and to raise any points that he deems worthy of the Court's attention. Further, appellate

- 5 -

counsel's **Anders** brief provides a procedural and factual summary of the case with references to the record and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus filed a sufficient **Anders** brief and has fully complied with the procedural requirements for withdrawal as counsel in both appeals.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. This Court first considers the issue raised by counsel in the **Anders** brief and determines whether it is in fact frivolous. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*); **Dempster**, 187 A.3d at 272. In addition, if the Court finds all of those issues frivolous, this Court conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. **Yorgey**, 188 A.3d at 1196-97; **Dempster**, 187 A.3d at 271-72.

The lone issue raised in counsel's **Anders** brief is whether the evidence at the contempt hearing was sufficient to prove an element of the contempt charge against him. In an appeal from a contempt conviction challenging the sufficiency of the evidence, this Court's review is confined to a determining whether the facts support the trial court's decision. **Commonwealth v. Lambert**, 147 A.3d 1221, 1226 (Pa. Super. 2016); **Commonwealth v. Brumbaugh**, 932 A.2d 108, 111 (Pa. Super. 2007). In this review,

> we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in

the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Reese*, 156 A.3d 1250, 1257-58 (Pa. Super. 2017). (quoting *Commonwealth v. Taylor*, 137 A.3d 611 (Pa. Super. 2016) (*en banc*)).

Indirect criminal contempt is a violation of a court order or decree that occurred outside the presence of the court. *Commonwealth v. McMullen*, 961 A.2d 842, 849 (Pa. 2008); *Lambert*, 147 A.3d at 1226; *Brumbaugh*, 932 A.2d at 110. To prove indirect criminal contempt, the Commonwealth must prove: 1) that the order was sufficiently definite, clear, and specific to leave no doubt or uncertainty in the defendant's mind as to the conduct prohibited; 2) that the defendant had notice of the order; 3) that the act constituting the violation was volitional; and 4) the defendant acted with wrongful intent. *Commonwealth v. Baker*, 766 A.2d 328, 331 (Pa. 2001); *Lambert*, 147 A.3d at 1226; *Brumbaugh*, 932 A.2d at 110.

The evidence at the contempt hearing was plainly sufficient to prove each of these elements beyond a reasonable doubt. The PFA Order specifically and clearly prohibits Appellant from coming to Complainant's house and from contacting her by telephone, texting, or social media. PFA Order ¶¶2-4. Appellant stipulated at the contempt hearing that the PFA Order was in effect, and admitted that he was familiar with the PFA Order and its terms. N.T. at

4, 14-15. Indeed, Appellant had been through contempt proceedings six months earlier in which he was found to have violated the PFA Order and he had just been released from prison for the prior contempt. Complainant's testimony was sufficient to prove that Appellant went to her house in violation of the PFA Order. N.T. at 4-6. Complainant's and Appellant's testimony established that Appellant sent Complainant a social media video chat request in violation of the PFA Order. *Id.* at 6-7, 9-10, 13-15. Both these acts could properly be found to be volitional acts. While Appellant denied that he went to Complainant's house and contended that his social media contact was accidental rather than intentional, the trial court found Complainant's testimony credible and rejected as not credible Appellant's denial and claim that the video chat request was accidental. Trial Court Opinion at 3-4.

There was likewise sufficient evidence to prove the element of wrongful intent beyond a reasonable doubt. Wrongful intent can be inferred where the defendant chooses to act in a way that is substantially certain to violate terms of a court order of which he was aware. *Reese*, 156 A.3d at 1258-60; *Lambert*, 147 A.3d at 1227; *Brumbaugh*, 932 A.2d at 111. Here, Appellant's acts of going to Complainant's house and sending Complainant a social media chat request were substantially certain to violate the terms of the PFA Order.

Based on the foregoing, we agree with appellate counsel that the issue raised by Appellant lacks any arguable merit. In addition, we have reviewed the certified record and have discovered no additional non-frivolous issues.

Therefore, we grant appellate counsel's petition to withdraw and affirm the sentencing court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020