J-S17031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY RAYNARD BRADLEY | : | |
| | : | |
| Appellant | : | No. 522 MDA 2020 |

Appeal from the PCRA Order Entered January 14, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004137-2010

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:    **FILED: JUNE 16, 2021**

Tracy Raynard Bradley (Petitioner), appearing *pro se*, seeks review of the order of the Court of Common Pleas of York County (PCRA Court) dated January 14, 2020, denying his second petition for post-conviction relief.  In his underlying criminal case, Petitioner was found guilty of first-degree murder and other felony offenses stemming from a robbery.  As to the murder count, he was sentenced to a term of life without the possibility of parole.  The Petitioner's judgment of sentence became final in 2014, and his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, was denied in 2015.  The PCRA petition now before us was filed in 2017, and the PCRA Court dismissed it as untimely.  For that same reason, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

In 2010, Petitioner was charged with one count each of homicide, robbery, burglary, theft by unlawful taking and receiving stolen property. Following a jury trial, he was found guilty of those counts, receiving a term of life as to the murder charge, a consecutive prison term of 8.25 to 17 years as to the robbery count, and another consecutive term of 5 to 10 years as to the burglary count. The two theft counts were merged for sentencing purposes with the burglary offense.

Petitioner appealed and this Court affirmed. *See Commonwealth v. Bradley*, 785 MDA 2013 (Pa. Super. September 25, 2014) (unpublished memorandum); *see also Commonwealth v. Bradley*, 190 MAL 2014 (Pa. July 25, 2014) (denying allocatur). He then filed a counseled PCRA petition on May 5, 2015, and the petition was denied. This Court affirmed the denial of PCRA relief in *Commonwealth v. Bradley*, 2230 MDA 2015 (Pa. Super. February 10, 2017) (unpublished memorandum).

Petitioner filed his current PCRA petition on March 20, 2017, alleging that he is entitled to a new trial based on a witness (Jenie Goodin-Mims) whose purported testimony would establish an alibi defense. According to Petitioner, this potential witness managed a convenience store and was willing to testify that she was speaking with Petitioner at that location within the timeframe in which the murder occurred. However, Petitioner admitted that he knew the

identity of this witness prior to the time of trial and had notified his trial counsel of the potential alibi evidence.

The PCRA court appointed counsel to represent Petitioner, but on May 23, 2019, PCRA counsel sought to withdraw from the case on the ground that Petitioner's claim was procedurally barred by the PCRA's jurisdictional time-bar. The PCRA court granted counsel's request to withdraw[1] and issued a notice under Pa.R.Crim.P. 907 stating that the petition would be summarily dismissed due to its untimeliness.

Although Petitioner filed a response to the Rule 907 notice, he did not assert and attempt to prove that he had satisfied an exception to the PCRA's filing deadlines. The PCRA court dismissed the petition and Petitioner timely appealed.[2] The PCRA court issued a 1925(a) opinion, reasoning that the denial of the petition should be affirmed because it was untimely and because Petitioner had not submitted a 1925(b) statement of errors complained of on appeal. *See* PCRA Court Opinion, 7/29/2020, at 1-2.

---

[1] PCRA counsel filed a "no-merit" letter and a petition to withdraw as counsel. In doing so, PCRA counsel comported with all requirements outlined in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[2] This appeal was initially dismissed due to Petitioner's failure to file a brief, but the appeal was reinstated on December 2, 2020.

J-S17031-21

After Petitioner belatedly filed a 1925(b) statement, the PCRA court issued a supplemental 1925(a) opinion again advising that the order denying relief should be affirmed on timeliness grounds:

> In [the Petitioner's 1925(b)] Statement, he still does not address the fact that his PCRA [petition] is not timely, nor does he allege or prove that any of the exceptions to the timeliness requirements are applicable. As a result . . . [the Petitioner's] PCRA [petition] was properly denied.

PCRA Court Supplemental 1925(a) Opinion, 7/31/2020, at 1-2.

## II.

Petitioner argues that he is entitled to a new trial because a potential alibi witness could have exonerated him of all the charges in his underlying case. **See** Appellant's Brief, at 15-18.

The PCRA imposes a strict jurisdictional time-bar on the filing of petitions for post-conviction relief.[3] In order for the merits of such a petition to be heard, the petition must be filed within a year from the date that a judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Because this requirement is "mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a

---

[3] "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v, Koehler**, 36 A. 3d 121, 131 (Pa. 2012).

- 4 -

PCRA petition that is filed in an untimely manner." ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

> The PCRA enumerates three exceptions to its strict filing deadline:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). The petitioner has the burden of pleading and proving that one of these exceptions applies. ***Id***.

Additionally, a petitioner may establish a right to PCRA relief if he can demonstrate "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." ***Id***. at § 9543(a)(2)(vi). For a claim of after-discovered evidence, it must be shown that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. D'Amato***, 856 A.2d 806, 832 (Pa. 2004).

If a petition is untimely and an exception has not "been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). Moreover, to be entitled to relief under the PCRA, the asserted error cannot have been previously waived or litigated. *See* 42 Pa.C.S. 9543(a)(3).

In this case, Petitioner's judgment of sentence became final on October 23, 2014, and he had a year from that date to seek relief under the PCRA.[4] He filed his second PCRA petition on March 20, 2017, which was well beyond the filing deadline of October 23, 2015. As the PCRA court noted, Petitioner has not attempted to plead and prove that any of the exceptions to the PCRA's filing deadline are applicable.

Further, Petitioner has not explained why he could not have raised his present claims earlier – at trial, on direct appeal or in his first PCRA petition – given the fact that he admittedly knew the identity of the purported alibi witness before his trial began in 2010. The claim is, therefore, waived.

---

[4] Our Supreme Court denied allocatur on direct appeal on July 25, 2014, and Petitioner then had 90 days to petition for a writ of certiorari in the United States Supreme Court. The latter deadline fell on October 23, 2014, and Petitioner did not seek such relief. Thus, his judgment of sentence became final on that date, and he had one year from that point (October 23, 2015) to seek relief under the PCRA, unless he could establish that some exception to the PCRA's time-bar applies.

Because Petitioner has not alleged and proven that an exception to the PCRA's time-bar is applicable, and the grounds asserted in his petition are waived, the PCRA court's order is affirmed.[5]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/16/2021

---

[5] In addition to his claim concerning alibi evidence, Petitioner appears to raise several constitutional and evidentiary issues in his appellate brief that were not included in his current petition to the PCRA court. Such claims do not warrant PCRA relief for the timeliness reasons discussed above. Moreover, if an issue has not been considered by the PCRA in the first instance, then it is not preserved for appellate review and must be denied. ***See Commonwealth v. McMullen***, 961 A.2d 842, 852 (Pa. 2008) ("A claim which is waived before the trial court is not given life by raising it for the first time after an appeal has been taken.").