**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE L. MONTANEZ | : | |
| | : | |
| Appellant | : | No. 2612 EDA 2021 |

Appeal from the PCRA Order Entered November 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006985-2018

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED JULY 27, 2022**

Jose L. Montanez appeals from the November 17, 2021 order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"). We affirm.

The PCRA court prepared the following apt summary of the factual and procedural history of this case:

> On August 4, 2018, Appellant got into an argument with then-girlfriend Eleni Antonopoulos after [she] told him that she was leaving and began packing a bag. Appellant became irate and attacked Ms. Antonopoulos with multiple knives, including a butcher's knife. He stabbed her 22 times. Appellant then chased Ms. Antonopoulos around the home until she barricaded herself in the bathroom. Appellant told the victim that he was going to "gut her like a fish" and "make her look like the Joker." The victim used brass knuckles and a toilet seat cover against Appellant in self-defense. She was eventually able to call 911. Appellant was arrested that night and the victim was taken to the hospital to treat stab wounds and a collapsed lung.
>
> Appellant [was] formally arraigned on October 11, 2018. Appellant then entered a negotiated guilty plea before the Honorable Lucretia Clemons on July 9, 2019[, to charges of

criminal attempt—murder and possession of an instrument of crime with intent ("PIC")]. He was sentenced directly thereafter . . . . as follows: ten to twenty years of incarceration at a state correctional institution for [criminal attempt—murder] and two and one-half to five years of incarceration [for PIC]. These sentences [were set to] run concurrently.

Appellant did not file any post-sentence motions or a . . . direct appeal.

PCRA Court Opinion, 3/14/22, at 2 (cleaned up). Accordingly, Appellant's judgment of sentence became final for the purposes of the PCRA on August 8, 2019, at the expiration of his time in which to seek direct review in this Court. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On April 29, 2021, Appellant filed a *pro se* PCRA petition alleging that his trial counsel was ineffective for failing to: (1) present evidence of self-defense; (2) challenge the credibility of the victim; (3) file a post-sentence motion or a direct appeal; (4) assert a speedy trial claim pursuant to Pa.R.Crim.P. 600; and (5) adequately consult with Appellant. *See Pro Se* PCRA Petition, 4/29/21, at 4. Appellant acknowledged that his petition was filed beyond the one-year time limit of the PCRA but asserted the exception for newly discovered facts at 42 Pa.C.S. § 9545(b)(1)(ii) applied. *Id*. at 3. Specifically, he claimed to suffer from a "traumatic brain injury that resulted in significant memory loss and cognitive impairment." *Id*. The precise nexus between this medical condition and the timeliness of his PCRA petition, however, was not evident from the face of the filing.

PCRA counsel was appointed to represent Appellant. On October 17, 2021, counsel submitted a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Specifically, counsel averred that he had concluded that Appellant's petition was untimely and not subject to any of the relevant exceptions. Thereafter, the PCRA court entered notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. **See** Notice, 10/20/21. After receiving no response from Appellant, the PCRA court dismissed the petition. **See** Order, 11/17/21. Ultimately, Appellant's first PCRA counsel was granted leave to withdraw from the case.

Appellant filed a timely notice of appeal and substitute PCRA counsel was appointed to represent him. Both Appellant and the PCRA court have complied with their respective obligations pursuant to Pa.R.A.P. 1925.

Appellant has presented the following issues for our consideration:

1) Did the PCRA [court] err in dismissing the PCRA petition where Appellant asserts that he did not enter into the guilty plea knowingly, intelligently and voluntarily as in the matter for which he was charged he believes he acted in self-defense against a complainant with substantial credibility issues, accordingly, he ultimately wanted to proceed to trial[?] Appellant further asserts that his mental health issues stemming from a traumatic brain injury, diminished his capacity to enter into a voluntary plea and essentially weakened his resolve and was a material factor in what he believes was an [unlawfully] induced guilty plea.

2) Was PCRA counsel ineffective for not raising this issue in an amended petition, and was plea counsel ineffective for allowing Appellant to enter into the plea as Appellant claims in his *pro se* PCRA petition that he ultimately wanted to proceed to trial and assert self-defense?

- 3 -

3) Appellant filed a facially untimely PCRA petition that does not directly satisfy one of the time-bar exceptions to the PCRA, as Appellant was unaware of the time limitations in which to file a PCRA. As the purpose of Pa.R.Crim.P. 704(C)(3) is to ensure fair sentencing procedures, does due process require that in addition to being advised of the right to file a post-sentence motion and direct appeal, that he should also be advised at sentencing of the PCRA's one[-]year time constraint, and that in the interest of justice and pursuant to notions of fair play, should his petition [be] deemed timely filed, *nunc pro tunc*?

Appellant's brief at 5 (cleaned up).

In reviewing a denial of PCRA relief on appeal, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 (Pa.Super. 2021). Before addressing the merits of Appellant's PCRA petition, we must assess its timeliness. As our Supreme Court has consistently instructed, "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Reid*, 235 A.3d 1124, 1140 (Pa. 2020). All PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). As noted above, Appellant's judgment of sentence became final on August 8, 2019. However, the instant PCRA petition was not filed until April 29, 2021, or more than eight months beyond the relevant time limit. Accordingly, Appellant's petition is facially untimely.

A defendant filing a PCRA petition beyond this one-year time limit must allege and prove the applicability of at least one of three statutory exceptions applies to his claims, namely:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). We also emphasize that there is "'no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.'" ***Commonwealth v. Vinson***, 249 A.3d 1197, 1204 (Pa.Super. 2021) (quoting ***Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008)).

Although Appellant's petition asserted that the timeliness of his PCRA petition was impacted by a traumatic brain injury, he has abandoned this claim on appeal and concedes that none of the timeliness exceptions delineated above applies in the instant case. ***See*** Appellant's brief at 18 ("Appellant

acknowledges that his *pro se* PCRA petition was untimely and does not satisfy one of the time-bar exceptions to the PCRA statute."). Instead, Appellant argues that he was never properly informed of the PCRA time limitations. Therefore, he "asserts that his petition should be deemed timely, in the interest of justice and pursuant to notions of fair play and procedural due process." *Id*. Specifically, he argues that "procedural due process requires that [a defendant] be advised at sentencing of the one[-]year time constraint of a PCRA petition[.]" *Id*. at 22. Appellant has cited no procedural rule, statute, or precedent under current Pennsylvania law that would compel such a holding, although he cites Pa.R.Crim.P. 704(C)(3) (providing that a sentencing judge ensure that a defendant is advised of various rights at the time of sentencing, which does not include the PCRA time limitations) and a New Jersey post-conviction statute as inferential support. *See* N.J.C.R. 3:21-4(i) ("The court shall also inform the defendant of the time limitations in which to file petitions for post-conviction relief.").

As an initial matter, it appears that this claim was never advanced before the PCRA court and was first raised in Appellant's Rule 1925(b) statement. Claims not raised in the PCRA court cannot be bootstrapped in this fashion. *See Commonwealth v. Mason*, 130 A.3d 601, 639 (Pa. 2015) (holding that PCRA petitioner did not preserve issue by failing to seek leave to amend his petition, irrespective of the inclusion of the issue in a Rule 1925(b) statement); *Commonwealth v. McMullen*, 961 A.2d 842, 852 (Pa. 2008)

("A claim which is waived before the trial court is not given life by raising it for the first time after an appeal has been taken."); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Thus, this novel timeliness claim is waived.

Furthermore, it is beyond cavil that this Court is precluded from creating equitable, *ad hoc* exceptions to the timeliness mandates of the PCRA. **Accord Robinson**, **supra** at 1161; **Brown**, **supra** at 267. It is equally well-settled that this Court lacks the authority to accept Appellant's invitation to create a dramatically new procedural rule of law from whole cloth in order to reach the merits of Appellant's PCRA petition. **See McMullen**, **supra** at 847 (confirming that the Pennsylvania Supreme Court "retains exclusive rule-making authority to establish rules of procedure" under the Pennsylvania Constitution) (citing Pa. Const. art. v., § 10). Finally, this panel lacks the necessary authority to overrule our well-rooted precedent precluding the creation of equitable exceptions to PCRA timeliness. **See Commonwealth v. Crowley**, 605 A.2d 1256, 1257 (Pa.Super. 1992) ("[P]recedent (*stare decis*) requires us to adhere to a ruling . . . until it is reversed either by our Supreme Court or an *en banc* panel of [the] Superior Court."). Even were we so inclined, we could not provide the relief Appellant seeks under these circumstances.

Based on the foregoing, we find the PCRA court's timeliness determination to be free of legal error and supported by the record.

Appellant has also advanced arguments concerning the effectiveness of first PCRA counsel who withdrew pursuant to **Turner**/**Finley**. Specifically, Appellant asserts that counsel should have filed an amended PCRA petition expanding upon the claims for relief. Appellant maintains that he may properly raise this claim in this Court pursuant to our Supreme Court's holding in **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) ("[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.").

As a threshold matter, Appellant raised this claim concerning PCRA counsel's ineffectiveness for the first time in his concise statement of errors complained of on appeal pursuant to Rule 1925(b), following the appointment of substitute PCRA counsel. **See** Rule 1925(b) Statement, 2/12/22, at 1. Accordingly, Appellant raised this claim at his first, practicable opportunity in accordance with **Bradley**. Our Supreme Court also held that traditional waiver principles embodied at Pa.R.A.P. 302(a) do not apply to properly raised claims of PCRA counsel's ineffectiveness. **See Bradley**, **supra** at 405 ("[W]e conclude Rule 302(a) does not pertain to these scenarios."). Thus, this issue is properly before us and we will adjudicate it on its merits.

In permitting petitioners to raise claims of PCRA counsel's ineffectiveness for the first time on appeal, the **Bradley** Court recognized that remand may be necessary under some circumstances:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Bradley***, ***supra*** at 402 (cleaned up). Thus, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." ***Id***. at 403. However, where relief is "plainly unavailable as a matter of law," we need not remand for further consideration of the claim. ***Id***. at 402.

Instantly, no purpose would be served by remand. In order to prevail, Appellant bears the burden to prove: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. ***See Commonwealth v. Flor***, 259 A.3d 891, 902 (Pa. 2021). A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

In relevant part, Appellant argues that PCRA counsel should have filed an amended petition expanding upon his claims for relief. ***See*** Appellant's

brief at 13 ("PCRA counsel was ineffective for not raising meritorious issues in an amended PCRA petition."). However, Appellant simultaneously acknowledges the untimeliness of his initial petition and also ratifies first PCRA counsel's consideration of this dispositive factor. *Id*. at 18 ("Appellant does acknowledge there are timeliness issues with his filing that PCRA counsel directly addressed."). This Court has held that "a claim that counsel was ineffective will not save an untimely PCRA petition." ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa.Super. 2001).

Since Appellant concedes that his PCRA petition was untimely, we discern that any such claim fails. Irrespective of the underlying merit of the claims that Appellant asserts PCRA counsel should have included in an amended petition, such a filing would have remained untimely and, therefore, been unsuccessful. ***See Reid***, ***supra*** at 1140 ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims."). It is axiomatic that counsel cannot be deemed ineffective for failing to pursue fruitless claims. ***See Commonwealth v. Sepulveda***, 55 A.3d 1108, 1118 (Pa. 2012). Consequently, we find no arguable merit in Appellant's argument concerning first PCRA counsel's alleged ineffectiveness. Thus, it fails.

Based on the foregoing, Appellant has advanced no basis for this Court to disturb the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/27/2022</u>